## PARR v. LANSING CITY CLERK.

1. WORDS AND PHRASES—MUNICIPAL CORPORATIONS—ORDINANCES—
   RESOLUTION.

   A resolution is used for implementing ministerial functions of
   government for short-term purposes while an ordinance estab-
   lishes more permanent influences on the community itself.

2. MUNICIPAL CORPORATIONS—REZONING—MINISTERIAL FUNCTION.

   A large-scale rezoning of property for the purpose of providing
   for public or quasi-public housing, involving the building of
   multimillion dollar housing complexes largely with Federal
   grants *held*, not to be only a ministerial function of city
   government to be accomplished by resolution.

3. SAME—CITY GOVERNMENT—RESOLUTION—ORDINANCE.

   Generally, a resolution which is passed by a city government
   in an area where an ordinance is required is declared void by
   the courts.

4. SAME—RESOLUTION—ORDINANCES—REFERENDUM.

   Resolution passed by city council, in action requiring an ordi-
   nance, is upheld as an ordinance subject to referendum vote
   where the need for the technical passage requirements of
   ordinances which are intended to avoid secret government
   by fiat is not present and the highly organized referendum
   and petition drive brought about by the city's action is
   evidence that secret city action is not present.

5. COSTS—RESOLUTION—REFERENDUM—PUBLIC QUESTION.

   No costs are allowed where action is brought against a city
   requiring it to certify referendum petition, a public question
   being involved.

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations § 142.
[2] 58 Am Jur, Zoning § 9.
[3, 4] 37 Am Jur, Municipal Corporations § 52.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 January 10, 1968, at Lansing. (Docket No. 4,194.)   Decided March 21, 1968.

Complaint for mandamus by Jerry D. Parr, Duane L. Allen, Robert B. Pierson, and Howard A. Wood against Lansing City Clerk, the City Council, and the City of Lansing to compel the Lansing City Clerk to certify and deliver to the city council a referendary petition. Nathan Schafer intervened as a defendant. Mandamus granted. Defendants appeal. Affirmed.

*Farhat, Burns, Treleaven & Luoma,* for plaintiff.

*Michael F. Cavanagh,* City Attorney, and *William E. Rheaume,* Assistant City Attorney, for defendant.

*Charles W. White,* for intervening defendant.

*Amici Curiae:*
Poverlene Irons, Betty Swaynie, League of Women Voters of the Lansing Area, Greater Lansing Urban League, Inc., Council of Churches of the Greater Lansing Area, Greater Lansing Inter-Faith Council on Religion and Race, Ministerial Council of the Lansing Area, Martin de Porres Housing Committee, Cristo Rey Community Center, Catholic Pastors of Lansing: Rev. James J. O'Meara, Msgr. Michael J. Mleko, Rev. John F. Weber, Rev. Angelus La Fleur, O.F.M., Msgr. Walter E. Mehm, Rev. Francis T. Martin, Rev. Robert Palmer, Msgr. Jerome V. MacEachin, and National Association for the Advancement of Colored People, by *Reid, Hildebrandt, King, Weed, Smith, & Brown,* and *Dunnings & Gibson.*
Greater Lansing Legal Aid Bureau, Inc., by *Douglas L. Sweet,*

McGREGOR, J.   On May 8, 1967, the Lansing city council adopted, by what it labelled a resolution, the recommendation of its committee on planning that a 44-acre tract be approved for a so-called "community unit plan", pursuant to section 36–7 of the Lansing city code.   This reclassification or rezoning of the subject tract was for the purpose of effectuating development of public or quasi-public housing on the tract.   For reasons that need only be their own, certain groups and individuals undertook a petition drive to submit this particular reclassification to a referendum vote of the electorate, in accord with § 6.9 of the Lansing city charter for referendums on ordinances.   After the filing of the petition, the city attorney of Lansing, in response to a request of the city clerk, issued a formal opinion that the action of the city council on this matter was not subject to the referendum procedures because the resolution method was used.   The circuit court for Ingham county thought otherwise and, on July 28, 1967, ordered the city of Lansing to honor the referendum petitions and the referendum procedures set out in § 6.11(b) of the city charter; that is, either repeal the council action or submit the action to the electorate at the next general election. Presently, this matter is scheduled to be placed on the ballot in August, 1968.   The city in this appeal seeks to obviate the necessity of placing the question on the ballot and to have the May 8th resolution given full effect.

This Court is aware that this case presents important issues which will vitally affect the development of the city of Lansing.   As this writer stated in *Biske* v. *City of Troy* (1967), 6 Mich App 546, American cities are changing and they face problems which have not been faced in the past.   Often new methods must be tried to solve the perplexing problems that now face city governments.   While new

solutions to our urban problems must be sought, the
solutions must be within the existing legal frame-
work if we are to retain a government of law rather
than of men.    Our problem is not to determine if
the actions of the Lansing city council were good,
for that is not our province, but to decide if the
council actions were such as to subject those actions
to the referendum procedures incorporated in the
existing governmental framework.    We are indebted
to the many *amici curiae* who have joined in filing
supplemental briefs to aid us in our deliberations.

Nomenclature in the legislative field is in some
ways analogous to naming a new-born child.    In
both areas the given name is important, but not
determinative of much.    A masculine name applied
to the 7th daughter in a family will not change that
lovely girl into the anticipated first son.    Likewise,
the fact that the city council of Lansing chose to
label its action of May 8th a resolution is of little
moment, if in fact, it was improperly designated.

The city attorney argues that only ordinances are
subject to referendums and for city action to be an
ordinance, it must be adopted in the manner pre-
scribed in section 6.3 of the Lansing city charter.
That section requires, among other things, that each
ordinance begin with the phrase, "The City of
Lansing ordains   *   *   *".    While this argument
has some appeal, the city council of Lansing is not
free to insulate its actions by mislabelling such
actions.

As pointed out in 5 McQuillin, Municipal Corpo-
rations, § 15.02 at p 51, the difference between mu-
nicipal ordinances and resolutions is in what the
actions do, rather than in the manner in which they
are passed.    Resolutions are for implementing min-
isterial functions of government for short-term
purposes.    Ordinances are for establishing more
permanent influences on the community itself.

*Kalamazoo Municipal Utilities Association* v. *City of Kalamazoo* (1956), 345 Mich 318, 328. By no stretch of logic can we find that a large-scale rezoning of property for the purpose of providing for public or quasi-public housing and involving the building of multimillion dollar housing complexes, largely with federal grants, is only a ministerial function of government.

Normally, when faced with the fact of a resolution passed by a city government in an area where an ordinance is required, this Court would respond by declaring the resolution void. 5 McQuillin, Municipal Corporations, § 16.10 at pp 173–177. In this case, however, we believe the better procedure is that followed by the trial court in allowing the resolution to stand as an ordinance, thus subject to the referendum procedures provided in sections 6.9 and 6.11(b) of the Lansing city charter. The technical passage requirements of ordinances are mainly intended to avoid situations of secret government by fiat. The highly organized and successful referendum and petition drive brought about by the city's action is ample evidence that secret city action was not an evil in this case. This decision is made in light of the city's action in December, 1967, in a similar circumstance, wherein the city adhered to the principles of the July 28th order of the circuit court and followed the proper formal ordinance adoption procedures in the approval of another community unit plan.

Affirmed. No costs, as a public question is involved.

Lesinski, C. J., and Canham, J., concurred.