## CHYNOWETH v CITY OF HANCOCK

Docket No. 52239. Submitted May 13, 1981, at Marquette.—Decided June 17, 1981. Leave to appeal applied for.

The City of Hancock passed an ordinance rezoning a 20-acre parcel of property so that Altman Development Corporation could construct a multiple-family housing project for elderly persons and low and moderate income families. Jon Chynoweth and Thomas C. Halborg brought an action in Houghton Circuit Court seeking a writ of mandamus ordering the defendant City of Hancock to place the amendatory zoning ordinance on the ballot or to repeal it. Altman Development Corporation was granted permission to intervene in the suit. The trial court granted plaintiffs' motion for summary judgment and issued a writ of mandamus ordering the city to repeal the ordinance or to submit it to the electors, Stephen D. Condon, J. Defendant Altman appeals. *Held:*

The adoption of the amendatory zoning ordinance was a legislative act, not an administrative one, and is subject to the right of referendum.

Affirmed.

1. ZONING — ORDINANCES — INITIATIVE.

A zoning ordinance cannot be adopted or enacted by an initiative.

2. ZONING — AMENDATORY ZONING ORDINANCES — REFERENDUM.

The adoption of an amendatory zoning ordinance is a legislative act and is, therefore, subject to the right of referendum.

*McLean & McCarthy,* for plaintiffs.

*Vairo, Mechlin, Tomasi, Johnson & Manchester,* for defendant Altman Development Corporation.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 82 Am Jur 2d, Zoning and Planning § 47.

Adoption of zoning ordinance or amendment thereto through initiative process. 72 ALR3d 991.

[2] Adoption of zoning ordinance or amendment thereto as subject of referendum. 72 ALR3d 1030.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAV-
ANAGH and BEASLEY, JJ.

PER CURIAM. Plaintiffs, Jon Chynoweth and
Thomas C. Halborg, sought a writ of mandamus
for the purpose of ordering defendant City of
Hancock to place an adopted amendatory zoning
ordinance on the ballot or to repeal that ordi-
nance, as requested by their referendum. The trial
court granted plaintiffs' motion for summary judg-
ment, based on GCR 1963, 117.2(3), and issued a
writ of mandamus ordering defendant city to ei-
ther repeal the zoning ordinance or to submit that
ordinance to the electors. Defendant city had is-
sued permits to defendant Altman Development
Corporation to build a multiple-family dwelling on
the land which had been rezoned. Defendant Alt-
man was granted permission to intervene in the
suit and files this appeal as of right.

The sole issue on appeal in this case is whether
an amendatory zoning ordinance is subject to the
right of referendum. In *Elliott v City of Clawson,*
21 Mich App 363, 376-377; 175 NW2d 821 (1970),
this Court held it was not. However, in *Rolling-
wood Home Owners Corp, Inc v City of Flint,* 26
Mich App 1, 10; 181 NW2d 797 (1970), *rev'd* 386
Mich 258, 268 (1971), and *Parr v Lansing City
Clerk,* 9 Mich App 719, 722-723; 158 NW2d 35
(1968), this Court assumed the ordinances involved
to be subject to a referendum.

The Michigan Supreme Court has stated that a
zoning ordinance cannot be adopted or enacted by
an initiative. *Korash v Livonia,* 388 Mich 737; 202
NW2d 803 (1972). Then, in *West v City of Portage,*
392 Mich 458; 221 NW2d 303 (1974), Justice
LEVIN, who was joined by Justices T. G. KAV-
ANAGH and FITZGERALD, held that an amendatory
zoning ordinance was an administrative act; there-

fore, a referendum could not be used since that only applies to legislative acts. *Id.,* 461, 465-466, 472.

Justice WILLIAMS, who was joined by Chief Justice T. M. KAVANAGH and Justice SWAINSON, also agreed that the plaintiff's complaint should have been dismissed due to the fact that the referendum petition had been combined with an initiative, and thus was defective. *Id.,* 472. However, he held that there was a right to referendum on a zoning ordinance.

Justice COLEMAN concurred in the result. *Id.,* 472.

Subsequently, the majority opinion in *Ed Zaagman, Inc v Kentwood,* 406 Mich 137; 277 NW2d 475 (1979), stated, "[W]e are not persuaded to adopt Justice LEVIN's administrative approach to the review of zoning determinations * * *". *Id.,* 164. The majority opinion adopted "the legislative approach".

Since the majority of the present Court has indicated more support for the legislative approach rather than the administrative approach, we conclude that the Court would find that this amendatory zoning ordinance was a legislative act subject to the right of referendum. Accordingly, we affirm the decision of the trial court.

Affirmed. No costs.