JACOBS, VISCONSI & JACOBS CO v CITY OF BURTON

Docket No. 52523. Submitted June 3, 1981, at Lansing.—Decided
   August 5, 1981. Leave to appeal applied for.

.  Jacobs, Visconsi & Jacobs Co., Ramco-Gershenson, Inc., and The
   Taubman Company, Inc., brought an action against the City of
   Burton, its mayor, and its city council, seeking a declaratory
   judgment that a certain zoning ordinance amendment was not
   subject to repeal by referendum and an order enjoining the city
   from holding a repeal referendum. Davison-Belsay Citizens
   Association, Inc., was permitted to intervene as a party defen-
   dant. Plaintiffs subsequently moved for summary judgment.
   Genesee Circuit Court granted plaintiffs' motion and enjoined
   the city from holding a repeal referendum, Robert M. Ransom,
   J. The association appeals. *Held:*
      The right of referendum as provided by the city charter
   applies to the repeal of the city zoning ordinance amendment,
   no compelling reason not to apply the right having been shown.
   The judgment of the trial court is reversed, the injunction
   vacated, and the case remanded for entry of a judgment declar-
   ing that a referendum on the ordinance legally is available.
      Reversed and remanded.

1. MUNICIPAL CORPORATIONS — HOME RULE CITIES — CITY CHARTERS
      — INITIATIVE AND REFERENDUM — STATUTES.
      A home rule city in its charter may provide procedures for
   initiative and referendum on all matters within the scope of its
   powers (MCL 117.4i; MSA 5.2082).

2. MUNICIPAL CORPORATIONS — HOME RULE CITIES — CITY CHARTERS
      — INITIATIVE AND REFERENDUM — ZONING — STATUTES.
      The right of referendum under a home rule city charter applies
   to zoning ordinance amendments which are in the nature of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 42 Am Jur 2d, Initiative and Referendum §§ 2, 7.
   56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
   cal Subdivisions § 138.
[2] 82 Am Jur 2d, Zoning and Planning § 18.
   Adoption of zoning ordinance or amendment thereto as subject of
   referendum. 72 ALR3d 1030.

legislative acts, absent a compelling reason not to apply the right (MCL 117.4i; MSA 5.2082).

*Smith, Miro, Hirsch & Brody* (by *Joseph Aviv*), for plaintiff.

*Richard A. Hamilton,* for City of Burton.

*Mansour, Newman & Thomas, P.C.,* for Davison-Belsay Citizens Association, Inc.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

BEASLEY, J. Plaintiffs are land developers seeking to develop a regional shopping mall for major department stores and numerous other retail stores on 96 acres of land in defendant City of Burton (hereinafter referred to as defendant city). The shopping center site is surrounded by high quality, residential homes and a nature preserve. Defendant city granted plaintiffs' zoning request to change the zoning to a C-4 classification, which is designated as a planned shopping center district.

Shortly after the rezoning, a group of citizens circulated petitions and filed them with the city clerk, demanding a referendum on the repeal of the old ordinance No. 19-51(C). The petitions were certified by the city clerk as meeting the referendum requirement of the city charter, as set forth in § 5.10.

Plaintiffs then brought this action for declaratory judgment and injunctive relief, seeking a declaration that ordinance No. 19-51(C) was not subject to repeal by referendum. Although named as a party defendant, and apparently caught in

* Circuit judge, sitting on the Court of Appeals by assignment.

the middle, defendant city leans toward denying the petitioners a referendum. Defendant, Davison-Belsay Citizens Association, Inc., made up of objectors to the rezoning, was permitted to intervene as a party defendant and, as a practical matter, is the real party in interest.

In response to plaintiffs' motion for summary judgment, the trial court rendered an opinion finding that there was no right of referendum, granting plaintiffs' motion for summary judgment and permanently enjoining defendant city from holding a referendum to repeal ordinance No. 19-51(C). Defendant association appeals as of right from the order granting summary judgment, raising two issues.

The first issue is whether ordinance No. 19-51(C) of defendant city may be repealed by referendum.

Defendant City of Burton is a home rule city. The home rule cities statute[1] provides for referendum and initiative as a permissible charter provision as follows:

"Sec. 4-i. Each city may in its charter provide:

\* \* \*

"(6) For the initiative and referendum on all matters within the scope of its powers and for the recall of all of its officials."

The Burton City Charter provides, in § 5.9, as follows:

"INITIATIVE AND REFERENDUM.
"Section 5.9. The electors of the city may initiate any ordinance or secure a referendum on any ordinance permitted by law, except annual tax levy ordinances, by petition as hereinafter provided."

[1] MCL 117.4i; MSA 5.2082.

Under § 5.14 of the city charter, if the required number of citizens file certified referendary petitions with the city clerk within 30 days after an ordinance is passed, the effect of the ordinance is automatically suspended. For purposes of the summary judgment motion, it has been conceded that the petitions are sufficient under the city charter.

This issue is not new to Michigan courts. In *Elliott v City of Clawson*,[2] the Court framed the issue before it as follows:

"The sole issue presented is whether the general initiative and referendum provisions in the charter of a home rule city give rise to a right to repeal an amendatory zoning ordinance by referendum."

The *Elliott* Court held that there was not any right of referendum in that situation and that the procedure afforded by the zoning enabling act constituted the only method to repeal an amendatory zoning ordinance in a home rule city. Among other things, the Court, citing decisions from other states, decided that the Legislature had established other procedures as a substitute for the right of referendum. For example, the statute[3] provides that if a "protest petition" is filed timely the amendment to the zoning ordinance requires a two-thirds vote to pass.[4]

In *Elliott,* the Court also indicated that referendum is not an appropriate technique in rezoning matters because of the unique impact which zoning laws have on property rights, saying:

"The protection of private property rights must be

---

[2] 21 Mich App 363, 365; 175 NW2d 821 (1970).

[3] MCL 125.584; MSA 5.2934.

[4] MCL 125.584(5); MSA 5.2934(5), or up to, but not to exceed, three-quarters if required by ordinance or charter.

balanced with the community's need for a comprehensive and flexible zoning plan. The general referendary provision of the Clawson city charter imposes no time limit in which a referendum on a proposed ordinance must be brought. Such an initiative and referendary plan without time limitation tends to destroy the comprehensiveness and coordination of zoning legislation. If zoning ordinances were subject to such provision, what reliance could be placed upon such ordinances by owners or prospective purchasers of property?"[5]

But, in *Rollingwood Home Owners Corp, Inc v City of Flint,*[6] this Court took a different tack, holding that, while the housing and slum clearance statutes permit a city to violate the provisions of its own zoning ordinance, approval of a construction contract involving a housing project with minimum lot sizes less than required by the zoning ordinance was subject to a charter-provided referendum.

Since the effect of the contract was to amend the minimum lot size provisions of the zoning ordinance and since the decision made approval of the contract subject to a referendum, the case is cited as authority for permitting application of referendum to an amendment to the zoning ordinance. Thus, the holding in *Rollingwood, supra,* is said to be in conflict with *Elliott, supra.*

In *Korash v Livonia,*[7] the Supreme Court held that a zoning ordinance cannot be enacted by an initiatory proceeding. The basis for that decision is that the statutory notice provisions and the necessity of a recommendation by the planning commission are conditions precedent to adoption of a zoning ordinance which lift that subject outside of

---

[5] *Elliott, supra,* 376.

[6] 26 Mich App 1; 181 NW2d 797 (1970).

[7] 388 Mich 737; 202 NW2d 803 (1972).

the practical possibility of an initiatory proceeding. The reasoning is that since the notice and referral provisions become largely inconsequential if an ordinance is to be adopted by initiative, therefore the initiative provisions of the charter are deemed inapplicable to adoption of a zoning ordinance.

In *West v City of Portage*,[8] the Supreme Court split, 3-3, with one abstainer. One view held that an amendatory zoning ordinance was an administrative act; therefore, a referendum was inapplicable because it only applies to legislative acts.

The other view held that there is a right to referendum on a zoning amendment, but due to the fact that in *Portage* the referendum petition was combined with initiative it was, thus, defective and not applicable.

Thus, *Portage* appeared to leave this issue deadlocked and undecided. However, subsequently, in *Ed Zaagman, Inc v City of Kentwood*,[9] the Court stated:

"[W]e are not persuaded to adopt Justice LEVIN's administrative approach to the review of zoning determinations * * *."

Thus, we conclude that the majority opinion adopted "the legislative approach" and interpret *Zaagman* to permit application of referendum to zoning amendments.

In *Chynoweth v City of Hancock*,[10] this Court adopted a similar analysis and held that an amendatory zoning ordinance was subject to a charter referendum provision.

We conclude that the right of referendum ap-

---

[8] 392 Mich 458, 461-472; 221 NW2d 303 (1974).

[9] 406 Mich 137, 164; 277 NW2d 475 (1979).

[10] 107 Mich App 360; 309 NW2d 606 (1981).

plies to the subject amendment to the zoning ordinance which applied the C-4 regional mall zoning classification to the subject 96 acres. On this issue, we consider our prime function to be to ascertain the law as enunciated by the Supreme Court, rather than to reweigh the merits regarding this difficult issue.

While the state constitution does not extend initiative and referendum to municipal acts, we read the prevailing body of law to favor applying initiative and referendum to legislative acts except where there is compelling reason not to. Where, as here, repeal of an existing zoning classification is involved, we do not believe there is compelling reason to deny a referendum if petitioners otherwise meet the statutory requirements.

In this connection, we would point out that the referendum does not deprive those with standing from litigating the constitutionality or validity of a zoning classification, as applied to a particular parcel of real property, whether or not the zoning amendment has been the subject of a referendum.

Intervening defendant also claims that issues of material fact existed that precluded award of summary judgment. In view of our disposition of this appeal by setting aside the injunction awarded plaintiffs and finding that the subject amendment to the zoning ordinance is subject to a referendum, it is unnecessary for us to resolve this second issue raised by intervening defendant-appellant.

Accordingly, we reverse the judgment of the trial court, vacate the injunction issued, and remand this case for entry of a declaratory judgment in favor of intervening defendant, holding that a referendum on ordinance No. 19-51(C) legally is available.

Reversed and remanded, with costs.