## VRIESMAN v. ROSS.

1. AUTOMOBILES—TRANSFER OF TITLE—STATUTES.

The requirements of the Michigan vehicle code relating to transfer of title are mandatory, and failure to comply with them negates the validity of the attempted transfer, whether by sale or gift (CLS 1961, § 257.233[d]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 29–33, 42. Civil rights and liabilities as affected by failure to comply with statute upon sale of motor vehicle. 37 ALR 1465, s. 52 ALR 701, 63 ALR 688, 94 ALR 948.
[2–4] 39 Am Jur, Notary Public §§ 34, 46.
[5, 6] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 29, 30, 33, 36, 42.

.

2. NOTARIES—CERTIFICATE SEALED BY NOTARY—PRESUMPTION.

Facts recited in an instrument to which a notary public affixes his seal carry a statutory presumption of truth (CL 1948, § 55.113).

3. SAME—PRESUMPTION—REBUTTAL.

Statutory presumption of truth of facts recited in instrument to which a notary public has affixed his seal may be rebutted by evidence which is clear, positive, and credible (CL 1948, § 55.113).

4. SAME—EVIDENCE—REBUTTAL OF STATUTORY PRESUMPTION.

Testimony of notary public that transferor did not sign application to transfer title of motor vehicle in his presence *held*, sufficiently clear and positive to rebut statutory presumption of truth of recitals in application (CL 1948, § 55.113).

5. AUTOMOBILES—NOTARIES—TRANSFER OF TITLE.

Notorization of application for transfer of title is essential to transfer automobile title (CLS 1961, § 257.233[d]).

6. SAME—NOTARIES—TRANSFER OF TITLE.

Attempted transfer of automobile title by mother to herself and minor daughter *held*, ineffective, where transferor failed to sign application for transfer in notary public's presence (CLS 1961, § 257.233[d]).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 June 7, 1967, at Grand Rapids. (Docket No. 2,343.)  Decided December 6, 1967.

Complaint by John Harold Vriesman against Jacquelyn Ross for damages sustained in an automobile accident caused by defendant's mother. Judgment for defendant. Plaintiff appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Scholten & Fant,* for defendant.

WISE, J. The circuit court judge who heard this automobile negligence case ordered a judgment of no cause of action in favor of defendant, and plaintiff appeals.

The facts reveal that on February 2, 1963, an automobile being driven by defendant's mother, Helen V. Ross, collided with plaintiff's truck and semitrailer which was stopped and parked on the shoulder of plaintiff's side of US–31 in Berrien county, Michigan. It was established that the accident occurred as a result of the negligence of the defendant's mother. Mrs. Helen V. Ross and two children riding with her were killed. The plaintiff suffered personal injuries and his vehicle was extensively damaged.

Subsequently the plaintiff brought suit to recover damages in the amount of $15,000 asserting the liability of the defendant daughter as co-owner, pursuant to the provisions of CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101) of the Michigan vehicle code.

It appears that on July 1, 1958, a certificate of title to the automobile involved was issued in the names of Wilford A. and Helen V. Ross, parents of the defendant. Following the death of Mr. Ross, Helen V. Ross made application for and obtained a new certificate in the joint names of herself and the defendant, making the defendant the ostensible co-owner. At the time of the application for a new certificate of title the defendant was 14 years of age and presently is still a minor. Since shortly after her mother's death, the defendant has been under the legal guardianship of her uncle, Clarence E. Scott.

The vehicle was insured with the Wolverine Insurance Company, later called Tower Insurance Group, and Helen V. Ross was listed as the sole named insured.

Subsequent to the collision, the defendant joined with the administrator of her mother's estate in making application for a duplicate certificate of title in her own name. After receiving such title, the Tower Insurance Group issued its check in the amount of $775 to the defendant in payment of the collision loss, recognizing the defendant's insurable interest as ostensible co-owner. The plaintiff indicated that the theory of estoppel does not apply to the instant case, in that the requisite elements are lacking.

The trial court determined that ownership of the vehicle had not vested in the defendant at the time of the collision, and hence she was not an "owner" within the meaning of the Michigan vehicle code.[1]

On appeal the plaintiff raises two questions. The first relates to whether at the time of the collision the defendant was the legal co-owner of the vehicle. The second involves a question of whether at the time of the collision the vehicle was being operated with the express or implied consent or knowledge of the defendant. The trial court did not address itself to the latter question nor will we, since it is not essential to our decision.

In this State the statutory language is explicit as to the requisites necessary for transferring legal title of a vehicle. Therefore in answering the plaintiff's first question we look to the pertinent provision of CLS 1956, § 257.233(d), as amended by PA 1959, No 250 (Stat Ann 1960 Rev § 9.1933[d])[2] to determine whether the alleged transfer was validly accomplished. It reads as follows:

"The owner *shall* indorse on the back of the certificate of title an assignment thereof with warranty of title in the form printed thereon with a statement

---

[1] CLS 1961, § 257.37 (Stat Ann 1960 Rev § 9.1837).

[2] See, currently, CLS 1961, § 257.233(d) as amended by PA 1964, No 248 (Stat Ann 1965 Cum Supp § 9.1933[d]).

of all liens or encumbrances on said vehicle, *sworn
to before a notary public or some other person
authorized by law to take acknowledgments,* and
deliver the same to the purchaser or transferee at
the time of the delivery to him of such vehicle, which
shall show the payment or satisfaction of any mort-
gage or lien as shown on the original title." (Em-
phasis supplied.)

The requirements of the statute are in mandatory
terms, and case law has made it abundantly clear
that failure to comply with the provisions negates
the validity of the attempted transfer. See *Wal-
dron* v. *Drury's Van Lines, Inc.* (1965), 1 Mich App
601; *Drettmann* v. *Marchand* (1953), 337 Mich 1.

In the instant case the plaintiff directs our atten-
tion to numerous cases which set forth the elements
of a valid *inter vivos* gift. We find, however, that
discussion of this area is unnecessary in that the
statute involved determines the initial validity of
the transfer of ownership to vehicle, whether by
sale or gift. *Taylor* v. *Burdick* (1948), 320 Mich 25.

It is also necessary in reaching a decision that
we consider CL 1948, § 55.113 (Stat Ann 1961 Rev
§ 5.1047), which gives presumptive validity to the
truth of facts within an instrument to which a
notary public affixes his seal. The presumption,
however, is rebuttable, calling for clear, positive
and credible evidence in opposition. *Garrigan* v.
*LaSalle Coca-Cola Bottling Co.* (1961), 362 Mich
262.

At trial Mr. Nolan, the notary public whose sig-
nature appeared on the application for the new
certificate of title, testified in unequivocal language
that the transferor, Helen V. Ross, did not sign
the application in his presence. It is also interest-
ing to note, although it is not essential to our deci-
sion, that the defendant's unequivocal testimony
reveals she had no knowledge of the transaction.

It is evident, therefore, that the attempted transfer did not meet the requirement of the statute that the certificate of application be "sworn to before a notary public." We conclude, therefore, that the testimony was sufficiently clear and positive to rebut the presumption afforded by the statute.

In reaching our decision we adopt the language of *Dodson* v. *Imperial Motors, Inc.* (CA 6, 1961), 295 F2d 609, which case we find controlling. There, as here, the cause grew out of the asserted invalidity of a notary public's certification. In discussing the aforementioned provision of the Michigan vehicle code, the court states at page 613:

"The plaintiffs, relying on such statute, must establish strict compliance with the transfer statute to gain the advantage of the strict liability sought to be imposed on Imperial. The language of the transfer statute is mandatory that an owner transferor *'shall* indorse on the back of the certificate of title an assignment, * * * *sworn to before a notary public.'* We are not at liberty to sever from this statute an integral part thereof and hold it a nonessential."

Based upon the prior considerations and the issues raised we conclude that at the time of the collision the defendant was not the owner of the vehicle, and concur in the decision of the trial court.

Affirmed. Costs awarded to appellee.

HOLBROOK, P. J., and BURNS, J., concurred.