## LEPOFSKY *v.* CITY OF LINCOLN PARK.

1. MANDAMUS—ISSUANCE.
    Granting to plaintiffs in mandamus of relief prayed for before defendants had an opportunity to file answer to amended complaint and without a hearing on the issues framed by amended pleadings *held,* error.

2. SAME—MUNICIPAL CORPORATIONS—LICENSES—USED AUTO PARTS BUSINESS.
    Mandamus will not issue to compel a city and its officials to issue a license to operate a used auto parts business where there is a disputed issue of fact raised by amended pleadings in the action.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Mandamus § 373.
[2] 34 Am Jur, Mandamus § 184.

Appeal from Wayne; Wise (John M.), J. Submitted Division 1 June 9, 1967, at Detroit. (Docket No. 2,872.) Decided March 19, 1968.

Mandamus by Fred and Bessie Lepofsky against the city of Lincoln Park to compel the issuance of a license to operate a used auto parts business. From an order granting relief, defendants appeal. Reversed and remanded.

*Edward Grebs,* for plaintiffs on appeal.

*Robert E. Butcher,* for defendants.

T. G. KAVANAGH, J. This is an appeal from an order of the Wayne county circuit court granting a writ of mandamus to compel the defendant city to issue a license to the plaintiffs to conduct an auto parts business.

Plaintiffs Fred and Bessie Lepofsky, doing business as Liberty Auto Wrecking, have been licensed to operate a used auto parts business in Lincoln Park for more than 30 years. Plaintiffs Theodore and Sidney Lepofsky, according to defendants, have never had a license. All licenses under the city ordinance are issued annually and expire on each June 30. In May, 1966, an application for a used auto parts license for the year beginning July 1, 1966, was filed in the name of Liberty Auto Wrecking, and it sought a license for 2 separate premises—1007 and 1059 Fort street. In the original complaint filed on June 29, 1966, only Fred and Bessie Lepofsky were named as plaintiffs. They alleged that the city had not yet passed upon the license application and asked the court to issue a writ of mandamus compelling the city to issue the license. Defendants filed an answer wherein they admitted that final action had not been

taken on the application, but they stated that the
application was considered by the mayor and city
council on June 27 and that the hearing thereon was
adjourned until July 5 for the claimed reason that
the premises violated the city fire code because cer-
tain combustibles were being stored there. Defend-
ants further asserted that on August 1 the city coun-
cil denied the application for a license for 1007 Fort
street for the following reasons:

"(a) The fence surrounding the premises does
not comply with the requirements of the licensing
ordinance and constitutes a public and private nui-
sance;

"(b) The applicants for license are apparently
not the operators thereof and have apparently leased
the premises to another person or persons, who is
or are unlicensed to conduct any business on the
premises;

"(c) The premises are being used for purposes—
*i.e.* junkyard operation—not contemplated or per-
mitted by the license previously held by the appli-
cants or sought in the pending application or per-
mitted by the pertinent city ordinances."

On August 16, 1966 a hearing was held on a con-
tempt proceeding and on defendants' motion for
summary judgment. During argument of counsel
it appeared that the pleadings were not in order
and permission was given the parties to file amended
pleadings. On October 11, 1966 an order was en-
tered amending the complaint to include Theodore
and Sidney Lepofsky as party plaintiffs and granting
defendants 20 days within which to file an answer
to such amended complaint; the court further or-
dered that plaintiffs post a $2,500 bond in accordance
with the city's license application requirements, that
a building permit be issued for the construction of a
new fence around 1007 Fort street, and that a license
be issued to operate the used auto parts business.

Thus, before the defendants had an opportunity to file an amended answer and without a hearing on the issues framed by such amended pleadings, the court granted plaintiff the relief prayed for. We hold that it was error to grant the writ of mandamus because plaintiffs' right to issuance of the license could not be established prior to a resolution of the factual dispute raised by the amended pleadings. See *Miller* v. *City of Detroit* (1930), 250 Mich 633.

Reversed and remanded, costs to appellant.

FITZGERALD, P. J., and LEVIN, J., concurred.