BURGER KING CORPORATION *v.* CITY OF DETROIT

1. MANDAMUS—EVIDENCE—PLEADINGS.
   Granting a writ of mandamus solely on the basis of the plead
   ings of the parties where there is a disputed question of fact
   is error.

2. MANDAMUS—EVIDENCE—BURDEN OF PROOF.
   A plaintiff, in an action for mandamus, has the burden of proving
   that the defendant has a clear legal duty to perform in the
   manner requested.

Appeal from Wayne, Michael Stacey, J. Submitted Division 1 April 4, 1971, at Detroit. (Docket No. 11496.) Decided May 11, 1971.

Complaint by Burger King Corporation and Slavka A. Christoff, Lubomir Andanoff, Joseph K. Sihler, and Mabel Sihler against the City of Detroit and the Chief, Bureau of Licenses and Permits of the Detroit Department of Buildings and Safety Engineering for mandamus to issue a building permit. Mandamus granted. Defendants appeal. Reversed.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *James Baysinger*), for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendants.

*Amicus Curiae: Philip J. Neudeck.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 460 *et seq.*
[2] 52 Am Jur 2d, Mandamus § 466.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J.  Plaintiff Burger King Corporation[1] applied with the Department of Building and Safety Engineering of the City of Detroit requesting permission to construct a restaurant at Grand River and Forrer Avenues in the defendant city.  The department, having decided that the proposed business constituted a drive-in restaurant,[2] a use permitted only with approval, referred the matter to the city plan commission for the public hearing and findings[3] which are required by the zoning ordinance governing the subject parcel.[4]  Plaintiff's request was denied by the city plan commission, whereupon a complaint for mandamus was filed and an order to show cause issued.  Plaintiff asserts that its proposed business does not constitute a drive-in restaurant.  The defendant city filed an answer, an amended answer, and affidavits; plaintiff countered with a reply and opposing affidavits.  Thereafter, a hearing was held on the show cause and the court, at that time having considered the pleadings, affi-

---

[1] The individual plaintiffs are owners of adjacent lots which constitute the subject property; Burger King Corporation has entered into purchase agreements with each owner contingent upon the obtaining of the necessary permits to construct its proposed restaurant.

[2] Section 32.0032 of the City of Detroit Zoning Ordinance reads: "Drive-in restaurants are any restaurants where foods, frozen desserts, or beverages are sold to the customer in a ready-to-consume state, usually in paper, plastic, or other disposable containers, and where the customer usually consumes said products in an automobile parked upon the premises, or where said products are primarily intended to be carried off the premises and consumed elsewhere."

[3] See §§ 65.0400 through 65.0406 of the City of Detroit Zoning Ordinance.

[4] The subject parcel is in a district zoned B–4.  Section 94.0100 of the City of Detroit Zoning Ordinance specifies that construction and use of a restaurant is permitted as a matter of right in said districts; § 94.0300 specifies that construction and use of drive-in restaurants in said district is permitted with approval of the City Plan Commission.

davits, briefs of parties and oral arguments, issued the requested writ directing defendant city to provide the necessary permits for construction of plaintiff's proposed restaurant. From that decision, this appeal ensues.

The lower court erred in granting relief to plaintiff solely on the pleadings before it. *Lepofsky* v. *City of Lincoln Park* (1968), 9 Mich App 501. In a mandamus action, the burden is on the plaintiff to present proof that the defendant has a clear, legal duty to perform in the manner requested. *Toan* v. *McGinn* (1935), 271 Mich 28. There was here a complete failure of proofs and, consequently, insufficient basis to grant the relief requested. "That the action is in mandamus does not dispense with the necessity of proof." *Quandt* v. *Schwass* (1938), 286 Mich 433, 438. The lower court holding must, therefore, be reversed.

In view of our disposition of this matter, it is unnecessary to address ourselves to the remaining issues raised on appeal. We merely wish to point out that where the language or operation of an ordinance is unchallenged, it is incumbent upon the trial court to give force to the definitions contained in the ordinance. See *Hemphill* v. *Orloff* (1927), 238 Mich 508, 519; *Erlandson* v. *Retirement Commission* (1953), 337 Mich 195, 204.

Reversed and remanded for proceedings consistent herewith. No costs, a public question.

All concurred.