WELLS v JONES

Docket No. 63248. Submitted January 7, 1983, at Lansing.—Decided
    April 20, 1983.

Cathy Wells brought a paternity action in the Eaton Circuit
    Court against Larry Jones. In plaintiff's original complaint she
    alleged that she was impregnated by defendant between August
    12 and 15 of 1980 and that the child was born on May 12, 1976.
    The amended complaint alleged that plaintiff was impregnated
    between August 12 and 15 of 1975. Both complaints, indicating
    plaintiff had been "duly sworn", had read the complaint, and
    declared the same to be true, were signed by plaintiff and
    notarized. While being cross-examined concerning the original
    complaint, plaintiff testified that she swore that she had read
    the complaint and that it was true, but that she did not raise
    her right hand while swearing to its veracity. When asked, "did
    you raise your right hand and swear to" the amended com-
    plaint, plaintiff responded "no". The court, Richard Robinson,
    J., denied defendant's motion to dismiss and entered judgment
    of filiation. Defendant appealed. *Held:*

    The defects were minor procedural defects not requiring
    reversal in the absence of manifest injustice.

    Affirmed.

PLEADING — PATERNITY — VERIFICATION.

    Failure of the complainant to raise her right hand while swear-
    ing to a complaint for paternity or to properly verify an
    amended complaint are minor procedural defects which do not
    require reversal on appeal where the complainant swore to the
    original complaint and the amended complaint alleges essen-
    tially the same facts as the original complaint except the year
    of conception (MCL 600.1432, 600.2315; MSA 27A.1432,
    27A.2315).

*Paul F. Berger,* Prosecuting Attorney, and *Jef-*

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 795, 796.
58 Am Jur 2d, Oath and Affirmation § 11.

*fery L. Sauter,* Assistant Prosecuting Attorney, for plaintiff.

*H. James Starr,* for defendant.

Before: ALLEN, P.J., and BRONSON and WAHLS, JJ.

PER CURIAM. Defendant appeals of right from an order and judgment of filiation against him entered on March 10, 1982, following a jury trial.

Defendant's sole claim on appeal is that plaintiff's failure to properly verify the complaint by oath or affirmation, as required by MCL 722.714(c); MSA 25.494(c) which governs the form of the complaint in a paternity action, renders the complaint and all subsequent proceedings void.

In plaintiff's original complaint, executed December 5, 1980, and filed December 16, 1980, she alleged that she was impregnated by defendant between August 12 and 15 of 1980 and that the child was born on May 12, 1976. This biological impossibility was rectified in an amended complaint, executed March 31, 1981, in which it was alleged that plaintiff was impregnated between August 12 and 15 of 1975. Both complaints, indicating plaintiff had been "duly sworn", had read the complaint, and declared the same to be true, were signed by plaintiff and notarized.

The cause proceeded to trial on January 29, 1982. While being cross-examined concerning the original complaint, plaintiff testified that she swore that she had read the complaint and that it was true, but that she did not raise her right hand while swearing to its veracity. When asked "did you raise your right hand and swear to" the amended complaint, plaintiff responded "no".

After the jury began deliberating defendant's counsel moved for dismissal on the ground that plaintiff failed to raise her hand and swear to

either the original or amended complaint as is required by MCL 600.1432; MSA 27A.1432, governing the mode of administration of an oath. The trial court denied the motion, stating:

"My recollection, and this is not infallible, certainly, was that on cross-examination by Mr. Starr the witness stated that she did swear that the complaint was true even though she stated that she did not raise her hand when she swore. If this is—if she did not so swear, I'm satisfied that there's nothing in the record to deny on the face of the complaint that states that she did swear, although you do realize that she did not raise her right hand, I don't think that is sufficient to invalidate the complaint."

We agree with the trial court that the apparent technical noncompliance with the requirement of verification in this case did not invalidate the complaint or subsequent proceedings.

Plaintiff testified that she swore to the first complaint. Her failure to raise her hand while so swearing, or, apparently, to properly verify the amended complaint alleging essentially the same facts as the first, excepting that the year of conception was corrected, were minor procedural defects which, in the absence of any conceivable prejudice to defendant in this case, do not require reversal of the judgment. MCL 600.2315; MSA 27A.2315; GCR 1963, 529.1. *Cf. Chisnell v Chisnell,* 99 Mich App 311, 321-324; 297 NW2d 909 (1980) (failure to verify a pleading in an action for divorce is a relatively minor procedural defect and, in the absence of manifest injustice, will not require reversal on appeal). We find the rationale and holding of *Dawson v Secretary of State,* 44 Mich App 390; 205 NW2d 299 (1973), upon which defendant relies, to be inapplicable to judicial proceedings to establish paternity.

Affirmed.