SETTLES v DETROIT CITY CLERK

Docket No. 109680. Submitted July 5, 1988, at Detroit. Decided July 8, 1988.

Citizens for Detroit's Future circulated initiative petitions seeking passage of an ordinance providing that if at any time casino gambling is approved by state law, it shall be prohibited within the corporate limits of the City of Detroit including Belle Isle. The petitions were filed with the Detroit City Clerk, who determined that they contained more than the required minimum number of valid signatures. The proposed ordinance was submitted to the Detroit City Council. The council did not enact the ordinance within the thirty days provided by the city charter. The city clerk then transmitted the proposal to the Wayne County Clerk for submission to the voters on the August 2, 1988, primary ballot in Detroit. Plaintiff, James U. Settles, then brought an action in the Wayne Circuit Court for mandamus and injunctive relief to prohibit the matter from being placed on the ballot. Named as defendants were James H. Bradley, Detroit City Clerk, Jeffrey D. Blaine, Deputy Detroit City Clerk, the City of Detroit Election Commission, James R. Killeen, Wayne County Clerk, and the Wayne County Election Commission. Citizens for Detroit's Future was allowed to intervene as a defendant. The trial court, Richard C. Kaufman, J., entered an order dismissing the suit. Plaintiff appealed.

The Court of Appeals *held:*

1. Article 12 of the Detroit City Charter meets the statutory requirements for initiative petitions in a home rule city. The city charter, and not the statutory requirements for home rule city charter amendments, governs the local initiatory petitions involved herein.

2. Plaintiff did not meet the duty placed upon a party seeking

REFERENCES

Am Jur 2d, Appeal and Error §§ 397 *et seq.*

Am Jur 2d, Mandamus §§ 63 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 98 *et seq.,* 125 *et seq.,* 398 *et seq.*

See the Index to Annotations under Mandamus; Municipal Corporations.

mandamus to show that there is a clear legal duty incumbent on the defendants and a clear legal right in the plaintiff to the discharge of that duty.

3. Plaintiff's argument that the petitions here were merely an exercise of the petitioners' right to seek governmental action was rejected.

4. The trial court did not abuse its discretion in finding no clear legal duty on the city clerk's part not to certify the petitions.

5. Plaintiff's claim that the petitions failed to have a sworn affidavit of the circulator as required by Article 12 of the city charter does not establish a clear legal duty on the part of the city clerk not to certify the petitions. The trial court was within its discretion in denying relief on this ground.

6. Plaintiff did not make the required showing of a clear legal duty on the part of the city clerk not to certify the petitions because they failed to state the number of signers on each petition paper. The trial court did not abuse its discretion in refusing to grant relief on this ground. The notary's seal affixed to the petitions gives a presumption of truthfulness to the certification that each signature was signed in the circulator's presence. Therefore, the number of petition signers is certified to on the face of the petitions by the circulator.

7. Plaintiff's argument that the initiative extends to the budget and is, therefore, improper under the city charter is without merit.

8. The petitions do not violate the constitutional requirements for purity of elections.

Affirmed.

1. CONSTITUTIONAL LAW — INITIATIVE — LOCAL ORDINANCES — HOME RULE CITIES.

The power to propose, enact and reject laws, called the initiative, is reserved by constitution to the people; this reserved power does not include the power of initiative with respect to local ordinances; the power of a home rule city to provide for initiative petitions derives from statute (Const 1963, art 2, § 9, MCL 117.4i[6], 117.21; MSA 5.2082[6], 5.2100).

2. MUNICIPAL CORPORATIONS — INITIATORY PETITIONS — DETROIT CITY CHARTER.

The procedure for submitting local initiatory petitions provided in Article 12 of the Detroit City Charter meets the statutory requirements pertaining thereto (Detroit City Charter, Art 12, MCL 117.4i[6], 117.21; MSA 5.2082[6], 5.2100).

3. MANDAMUS — DUTY.

The remedy of mandamus lies only where there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of that duty; the burden of establishing that duty by the defendant is placed on the party seeking mandamus.

4. NOTARIES — PRESUMPTION OF VALIDITY.

There is a presumptive validity to the truth of facts within an instrument to which a notary public affixes his seal (MCL 55.113; MSA 5.1047).

5. MUNICIPAL CORPORATIONS — INITIATIVE — JUDICIAL CONSTRUCTION.

Initiative provisions are to be liberally construed to facilitate rather than hamper the exercise of the initiative right.

6. APPEAL — SUPPORTING CITATIONS.

A party may not leave it to the Court of Appeals to search for authority to support or reject its position; a statement of position without supporting citation is insufficient to bring an issue before the Court of Appeals.

7. MUNICIPAL CORPORATIONS — ORDINANCES — JUDICIAL CONSTRUCTION.

The rules governing the construction of statutes govern the construction of ordinances.

*Craig, Farber, Downs & Dise, P.C.* (by *Timothy Downs*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Larry J. Saylor* and *William J. Kohler*), for James H. Bradley, Jeffrey D. Blaine, and the City of Detroit Election Commission.

*Samuel A. Turner,* Corporation Counsel, and *William B. McIntyre, Jr.,* Assistant Corporation Counsel, for James R. Killeen and the Wayne County Election Commission.

*Mason, Steinhardt & Jacobs, P.C.* (by *John E. Jacobs* and *Paul M. Kliger*), for Citizens for Detroit's Future.

Before: Shepherd, P.J., and M. J. Kelly and Beasley, JJ.

Per Curiam. Plaintiff, James U. Settles, filed this emergency appeal to challenge Wayne Circuit Judge Richard C. Kaufman's June 21, 1988, order dismissing this action. In that decision, the circuit court refused to order an initiative removed from the August 2, 1988, primary ballot in the City of Detroit. The purported intent of the initiative is to place on the ballot an ordinance to bar "casino gambling" from the City of Detroit, including Belle Isle, in the event that casino gambling is approved by state law. For. the reasons stated in this opinion, we affirm the order of the circuit court refusing mandamus or an injunction to bar the issue from the ballot.

Intervening defendant, Citizens for Detroit's Future, circulated initiative petitions seeking passage of an ordinance. The petitions contained the following language:

WE, THE UNDERSIGNED, WANT TO VOTE ON THE ISSUE OF CASINO GAMBLING AND BEING DULY REGISTERED VOTERS RESIDING IN THE CITY OF DETROIT, MICHIGAN, DUE [sic] HEREBY PETITION THE CITY COUNCIL TO PLACE BEFORE THE VOTERS AT THE NEXT REGULARLY SCHEDULED ELECTION, OR AT THE DISCRETION OF THE CITY COUNCIL AT A SPECIAL ELECTION, THE FOLLOWING BINDING ORDINANCE "IT IS HEREBY ORDAINED BY THE PEOPLE OF THE CITY OF DETROIT THAT IF AT ANY TIME CASINO GAMBLING IS APPROVED BY STATE LAW, THAT IT SHALL BE PROHIBITED WITHIN THE CORPORATE LIMITS OF THE CITY OF DETROIT INCLUDING BELLE ISLE".

The petitions were filed with defendant Detroit City Clerk, who determined them to contain more than the required minimum number of valid signatures. The proposed ordinance was transmitted

to the Detroit City Council by letter of December 14, 1987, to allow the option of enacting an ordinance within thirty days as provided by § 12-107(1) of the Detroit City Charter. The measure was not enacted, so by letter of June 10, 1988, the city clerk transmitted the proposal to defendant Wayne County Clerk for submission to the voters on the August 2, 1988, primary ballot in Detroit.

On June 15, 1988, plaintiff filed this suit for mandamus and injunctive relief to prohibit the matter from being placed on the ballot. On that same day, Judge Kaufman entered an order to show cause why the requested relief should not be granted. By order dated June 20, 1988, he allowed Citizens for Detroit's Future to intervene. The matter came on for hearing June 20, 1988, and he denied the requested relief, ruling the suit should be dismissed. He entered his order dismissing the case June 21, 1988.

Plaintiff filed his appeal as of right with this Court on June 22, 1988. Accompanying the appeal were motions for peremptory reversal, immediate consideration, and an expedited appeal process. By order of June 28, 1988, this Court granted the motion for immediate consideration, denied the motion for peremptory reversal, granted the motion to expedite, and ordered the matter submitted for oral argument at the earliest possible date. This Court has treated the briefs submitted in connection with the motion for peremptory reversal and the briefs filed with the circuit court as the briefs on appeal. The matter came on for oral argument before this Court on July 5, 1988. At that time, plaintiff's counsel indicated no need to file further briefs and no other party indicated a need to file further briefs.

In Const 1963, art 2, § 9, the power to propose, enact and reject laws, called the initiative, is

reserved to the people. However, this reserved power does not include the power of initiative with respect to local ordinances. *Korash v Livonia,* 388 Mich 737, 742, n 3; 202 NW2d 803 (1972). The power of a home rule city, such as Detroit, to provide for initiative petitions derives from statute. The power is provided in MCL 117.4i(6); MSA 5.2082(6), while the procedure is addressed in the last sentence of MCL 117.21; MSA 5.2100:

> Propositions and questions shall be proposed, initiated, submitted and canvassed in a manner similar to that provided for charter amendments.

Here, we find that Article 12 of the city charter, §§ 12-101 through 12-112, meets these requirements; i.e., Article 12 provides for propositions and questions to be proposed, initiated, submitted and canvassed in a manner similar to that provided for home rule city charter amendments. Concomitantly, we find that the city charter, and not the statutory requirements for home rule city charter amendments, governs these local initiatory petitions.

This Court has held that deficiencies amounting to a wholesale exclusion of mandated disclosure information justify removal of an issue from a ballot, while mere technical noncompliance would not prevent the election from going forward, *Herp v Lansing City Clerk,* 164 Mich App 150; 416 NW2d 367 (1987), lv den 429 Mich 899 (1988). In *Meridian Twp v East Lansing,* 101 Mich App 805; 300 NW2d 703 (1980), lv den 411 Mich 962 (1981), this Court set forth the general principle that all doubts as to technical deficiences or failure to comply with the exact letter of procedural requirements in petitions (generally, although that case involved annexation petitions) are resolved in fa-

vor of permitting the people to vote and express a choice on any proposal subject to election. In *Newsome v Bd of State Canvassers,* 69 Mich App 725, 729; 245 NW2d 374 (1976), lv den 397 Mich 833 (1976), this Court held that "[c]onstitutional and statutory initative and referendum provisions should be liberally construed to effectuate their purposes, to facilitate rather than hamper the exercise by the people of those reserved rights, *Kuhn v Dep't of Treasury,* 384 Mich 378; 183 NW2d 796 (1971)." Here, these principles are coupled with the high standard for a grant of mandamus, which is an extraordinary remedy and is discretionary with the court, *Oakland Co Bd of Road Comm'rs v State Highway Comm,* 79 Mich App 505; 261 NW2d 329 (1977), lv den 402 Mich 907 (1978). This remedy lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of that duty, and the burden of establishing that duty by the defendant is placed on the party seeking mandamus, *Burger King Corp v Detroit,* 33 Mich App 382, 384; 189 NW2d 797 (1971). Specifically, plaintiff must show that the trial court abused its discretion in failing to find a clear legal duty on the part of the city clerk not to certify the petitions, or a clear legal duty on the part of the county clerk not to place this question on the ballot. Plaintiff has not even attempted the latter, and has not made this showing as to the former.

Several issues raised on appeal may be summarily disposed of at this juncture. First, MCL 117.25; MSA 5.2104 directs that the initiatory petitions for home rule city amendments shall be addressed to and filed with the city clerk. However, § 12-104, which requires that the petitions be filed with the city clerk, does not require that the petitions be addressed to the city clerk. The petitions at issue

in this matter are not particularly "addressed" to anyone, although the language does "petition the [Detroit] City Council to place . . . before the voters [the ordinance in question]." We reject plaintiff's argument that because of this language the petitions here were merely an exercise of the petitioners' right to seek governmental action. These were clearly more than a request by citizens to have the Detroit City Council exercise its discretion and submit a proposed ordinance to the voters under § 12-110 of the city charter. The petitions and their submission to the clerk follow the procedure under §§ 12-107 and 12-108 of the city charter for submission to the voters if the ordinance is not enacted. The very language of the petitions calling for submission to the voters at the next regularly scheduled election or, at the discretion of the city council, at a special election, tracks exactly the requirement for such submission set forth in § 12-108(1). Attachment F of plaintiff's complaint is a filing document used by Citizens for Detroit's Future to file these petitions. The first sentence begins: "We hereby file initiative petitions . . . for the purpose of initiating the following ordinance . . . ." Moreover, from the very beginning of the process, the city clerk treated these petitions as initiatory petitions, and neither plaintiff nor anyone else is shown to have raised any objection in opposition at the time. Therefore, the trial court was well within its discretion in finding no clear legal duty on the clerk's part not to certify the petitions. Plaintiff's arguments to the contrary are not meritorious.

Similarly, plaintiff argues that additional alleged deviations from the requirements for initiatory petitions for home rule city charter amendments set forth in MCL 117.25; MSA 5.2104 were present here and were fatal to the petitions, justifying

issuance of a writ of mandamus prohibiting submission of the question to the voters. Because we have held that the requirements for these initiatory petitions are set forth in Article 12 of the charter, the ways in which these petitions did not comply with MCL 117.25; MSA 5.2104 are immaterial.

The more serious challenges raised by plaintiff concern the way in which these initiatory petitions failed to meet the requirements of Article 12 of the city charter. Judge Kaufman found that the form of petitions required by § 12-102 of the charter was not met in two particulars:

(1) The petitions failed to have a sworn affidavit of the circulator; and

(2) the petitions failed to state the number of signers on each petition paper.

Turning to the first claimed deficiency, § 12-102 of the city charter requires each petition paper to contain a sworn affidavit of the circulator stating certain specific information. From what has been submitted to this Court, it does appear that circulators have certified all of the information save the number of signers, and at oral argument plaintiff conceded that a notary's signature and seal were affixed to the petitions. However, the petitions contained no jurat, i.e., a statement reciting the fact that the circulator had subscribed and sworn to the accuracy of that certificate. We note that the absence of a signed jurat has, as noted by the trial court, been held to be a curable defect, *Dickinson v Simondson*, 25 Mich 113 (1872). Accord, *Chisnell v Chisnell*, 99 Mich App 311, 321-324; 297 NW2d 909 (1980). Had this defect been raised to the city clerk, we believe the city clerk, had he found the affidavit defective, would have had the duty to find no valid signatures and allow for the filing of additional petitions within fifteen days

under § 12-105 of the charter. Citizens for Detroit's Future has alleged, and plaintiff has not disputed, that it had collected roughly an additional thirty-thousand signatures, and, obviously, the missing jurat could have been supplied.

In *Wells v Jones,* 125 Mich App 137, 139; 336 NW2d 17 (1983), the plaintiff in a paternity action, though she signed the complaint and it contained a notarial seal in the proper form, testified that she did not raise her hand when she swore to the truth of the statements. Her failure to raise her hand was held to be a minor procedural defect which, in the absence of any conceivable prejudice, did not require reversal. The missing jurat here is not determinative evidence that the circulators did not swear to the contents of their certifications. To the contrary, MCL 55.113; MSA 5.1047 gives presumptive validity to the truth of facts within an instrument to which a notary public affixes his or her seal. *Vriesman v Ross,* 9 Mich App 102; 155 NW2d 857 (1967).

Far from rebutting the presumption or showing any conceivable prejudice, plaintiff did nothing from December 14, 1987, to June 15, 1988. Moreover, plaintiff's counsel clarified at oral argument that he was making no claim that even one signature had been obtained contrary to the wording of the certification. The absence of a jurat here does not have a material impact on the safeguard provided by the affidavit as contained on the petitions. Consistent with our obligation to liberally construe initiative provisions to facilitate rather than hamper the exercise of the right, we find that this claim does not establish a clear legal duty on the part of the city clerk not to certify the petitions and, therefore, find that the trial court was within its discretion in denying relief on this ground.

Once the affidavit requirement has been satis-

fied, the required statement of the number of signatures on the petition in the circulator's certification does give rise to a different problem—the safeguard here is obviously designed to prevent unscrupulous individuals from collecting petitions from circulators and then adding signatures after a petition has been returned. While this safeguard is a laudatory one, it is not a requirement for state initiatory petitions, MCL 168.482; MSA 6.1482, which require a certification as provided in MCL 168.544c; MSA 6.1544(3). That certification, but for unimportant linguistic modifications, is the certification used in the petitions challenged in this case.

In any event, plaintiff has conceded that he is not alleging that even one signature was added after a circulator's certification. The notary's seal affixed to the petition gives a presumption of truthfulness to the certification that each signature was signed in the circulator's presence. Therefore, the number of petition signers is certified to on the face of the petitions by the circulator. Absent rebuttal by plaintiff, *Vriesman, supra,* we hold that plaintiff has not made the required showing of a clear legal duty on the part of the city clerk not to certify the petitions, and again find no abuse of discretion in the trial court's refusal to grant relief on this ground.

Plaintiff also argues that the petitions are speculative, overbroad, vague and do not give the voter knowledge of what he or she is voting for or against. This argument is not supported with citations to any authority. "A party may not leave it to this Court to search for authority to sustain or reject its position. A statement of position without supporting citation is insufficient to bring an issue before this Court." *Butler v Detroit Automobile Inter-Ins Exchange,* 121 Mich App 727, 737; 329 NW2d 781 (1982). We think the intention of the

proposed ordinance is clear: in whatever form the Legislature may choose to allow casino gambling, that activity is to be prohibited in the City of Detroit including Belle Isle.

As to a related claim that this initiative extends to the budget and is, therefore, improper under § 12-101 of the city charter, plaintiff has accurately noted the charter limitation. However, examination of *Detroit v Detroit City Clerk,* 98 Mich App 136; 296 NW2d 207 (1980), leads us to agree with the construction of the limitation suggested therein, namely, the initiative does not extend to matters directly and substantially affecting the budget. Incidental or indirect impact on the budget could not be included within the limitation, because no ordinance could be said to be totally unrelated to and without some effect on a city's budget. The rules governing construction of statutes, also govern construction of ordinances, *Fink v Detroit,* 124 Mich App 44; 333 NW2d 376 (1983). This Court will construe statutes, and therefore this ordinance, to avoid, not produce, the absurd result that virtually no ordinance could be initiated under § 12-101 of the city charter. *King v Midland Co Dep't of Social Services Director,* 73 Mich App 253, 258; 251 NW2d 270 (1977). This issue is without merit.

Turning to plaintiff's last issue, the petitions as presented are claimed to be violative of the requirements for purity of elections, Const 1963, art 2, § 4. We find no inhibition of the people's right to make an intelligent choice on the ordinance. To the extent that clarity is an aspect of the purity of elections requirement, cf. *Mastin v Oakland Co Elections Comm,* 128 Mich App 789, 795; 341 NW2d 797 (1983), the voters can clearly tell what they are voting on here. Plaintiff also argues a

constitutional violation because this ordinance is to be passed on the contingency of possible state legislative action. By analogy from *Sessa v State Treasurer,* 117 Mich App 46, 53-56; 323 NW2d 586 (1982), where a state statute passed in anticipation of a possible constitutional amendment did not violate the purity of elections requirement, there is no such violation when the ordinance is passed in anticipation of a possible state statute.

Finally, to the extent that the ordinance is claimed to be misleading in its presentation, we see no violation of the purity of elections concept, as embodied (by analogy only) in MCL 168.474; MSA 6.1474, that the proposal "consist of a true and impartial statement of the purpose of the . . . question in such language as shall create no preference for or against such proposal," *Mastin, supra,* p 797.

The trial court's order of dismissal is affirmed. Due to the impending election date, this Court orders that this opinion has immediate effect, MCR 7.215(F)(2).

Affirmed.