*In re* RUPERT

Docket No. 145148. Submitted January 20, 1994, at Ann Arbor. Decided June 6, 1994, at 9:40 A.M.

Leroy A. Rupert brought an action for superintending control in the Jackson Circuit Court, seeking an order restraining the 12th District Court from imposing peace bonds except as permitted by law. By an amended complaint, Todd Keeder and Stacey Boehlke were added as plaintiffs. The plaintiffs alleged that the procedures relating to the imposition of the peace bonds were in violation of statute, interfered with other branches of the government, and were unconstitutional and, specifically, that the peace bonds sought to prohibit conduct that was not within the jurisdiction of the district court to prohibit by a peace bond. Attached to the complaint as evidence were a number of peace bonds imposed by the district court. Following a hearing at which no evidence was taken, the circuit court, Gordon W. Britten, J., issued an order of superintending control directing the district court to refrain from imposing peace bonds except as permitted by law and further directing the district court to refrain from imposing peace bonds without involvement of the county prosecutor and to appoint counsel at public expense for indigents involved in peace-bond proceedings. The district court appealed.

The Court of Appeals *held:*

1. Although an order of superintending control must be supported by evidence on the record and a plaintiff seeking an order of superintending control has the burden of establishing grounds for the issuance of the order, a court need not hold an evidentiary hearing before issuing an order of superintending control where, as here, the complaint is accompanied by pleadings that establish the necessary factual basis and only a question of law remains.

2. Because the peace bonds clearly establish that the procedures followed by the district court were not consistent with

REFERENCES

Am Jur 2d, Breach of Peace and Disorderly Conduct §§ 41, 46, 47, 50.

See ALR Index under Judgments, Orders, and Decrees; Pleadings.

the procedures established by statute, MCL 772.1 *et seq.*; MSA 28.1154 *et seq.*, the circuit court properly ordered the district court to comply with statutory mandate. However, there is no evidentiary support for the circuit court's directions concerning the prosecutor and counsel for indigent defendants, and, accordingly, those portions of the order of superintending control must be reversed.

Affirmed in part and reversed in part.

SUPERINTENDING CONTROL — EVIDENTIARY HEARINGS — PLEADINGS.

A circuit court may issue an order of superintending control without holding an evidentiary hearing where the complaint and allied pleadings establish the factual basis necessary for the issuance of the order and leave only a question of law.

*Ronald J. Fabian,* for the plaintiffs.

*Parker & Adams, P.C.* (by *James D. Adams*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and D. G. TYNER,* JJ.

DOCTOROFF, C.J. The 12th District Court (hereinafter the district court) appeals the September 13, 1991, order of superintending control issued by the Jackson Circuit Court ordering it to refrain from issuing peace bonds, except as permitted by law and within the parameters established by the writ of superintending control. We affirm in part and reverse in part.

Plaintiffs are individuals who had their freedom of action restrained in some way as a result of peace bonds imposed by the district court, in particular, District Judge James M. Justin. Judge Justin used the bonds as a means of preventing plaintiffs from engaging in certain forms of conduct or being in certain places within Jackson County. The conduct restrained ranged from engaging in the use of alcohol and being on certain

---

* Circuit judge, sitting on the Court of Appeals by assignment.

streets or at certain locations to preventing family members from assaulting members of other families. The instant litigation was initiated on August 12, 1991, by plaintiff Leroy A. Rupert, who initially faced a domestic misdemeanor assault charge that somehow became converted into a peace-bond matter. In his complaint, Rupert alleged that the district court had required a peace bond of him in violation of statutory and court procedure and that the court exceeded the limits of its jurisdiction. On the same date that the complaint was filed, the Jackson Circuit Court issued an order not only directing the district court to show cause why the order should not issue but also directing the district court to stay all peace-bond proceedings. The court set a hearing date for September 13, 1991.

On September 4, 1991, the complaint was amended to add other plaintiffs, but the allegations were substantially the same. The complaint alleged that the peace-bond procedures were in violation of statute, interfered with other branches of the government, and were unconstitutional. The specific procedural irregularities alleged were that the district court failed to make an adequate record of the proceedings, issued "orders to appear" that were not authorized by statute, violated the blind draw system for assignment of cases, failed to give sufficient notice to persons appearing before it so that they could defend themselves, and prohibited conduct that was not subject to its jurisdiction or prohibition by issuance of a peace bond. Plaintiffs attached a number of peace bonds imposed by the district court as evidence of the allegations.

The circuit court conducted a hearing on September 13, 1991, at which plaintiffs and the district court were represented by counsel. Counsel

for the district court asked that a pretrial confer-
ence be scheduled, but made no specific mention of
what areas of the record he wished to develop.
Counsel also argued that plaintiffs had failed to
exhaust their legal remedies by neglecting to ap-
peal from the issuance of the bonds. That argu-
ment has not been made in this Court. Following
the hearing, the circuit court concluded that the
district court had exceeded its jurisdiction in the
issuance of the bonds and dictated certain proce-
dures that must be followed in future peace-bond
cases.

The district court first argues that the circuit
court abused its discretion when it issued the
order of superintending control without first devel-
oping the record by way of testimony and evi-
dence. We disagree. MCR 3.302 governs the issu-
ance of orders of superintending control. MCR
3.302(E)(3) states as follows:

> (a) After the filing of a complaint and answer or,
> if no answer is filed, after expiration of the time
> for filing an answer, the court may
> (i) issue an order to show cause why the order
> requested should not be issued,
> (ii) issue the order requested, or
> (iii) dismiss the complaint.
> (b) If a need for immediate action is shown, the
> court may enter an order before an answer is filed.
> (c) The court may require in an order to show
> cause that additional records and papers be filed.
> (d) An order to show cause must specify the date
> for hearing the complaint.

Nothing in the context of the rule specifically
*requires* that the issuing court conduct a trial-like
proceeding as the district court suggests. Similarly,
there is nothing in MCR 3.301 that requires a trial
proceeding if the record is clear.

The case law cited by the district court in favor of its claim that the circuit court erred in not developing the record is distinguishable. In *Quandt v Schwass,* 286 Mich 433, 438; 282 NW 206 (1938), our Supreme Court concluded that a writ of mandamus must be supported by proofs on the record. In addition, this Court in *Burger King Corp v Detroit,* 33 Mich App 382, 384; 189 NW2d 797 (1971), addressed the proof requirements in support of mandamus, stating as follows:

> The lower court erred in granting relief to plaintiff solely on the pleadings before it. *Lepofsky v City of Lincoln Park,* [9 Mich App 501; 157 NW 453 (1968)]. In a mandamus action, the burden is on the plaintiff to present proof that the defendant has a clear, legal duty to perform in the manner requested. *Toan v McGinn,* [271 Mich 28; 260 NW 108 (1935)]. There was here a complete failure of proofs and, consequently, insufficient basis to grant the relief requested.

The order of superintending control now supersedes the writ of mandamus when directed to a lower court or tribunal. MCR 3.302(C).

While we agree with the district court that an order of superintending control must be supported by the record and that it is the plaintiff's burden to establish grounds for issuance of the order, the facts of this case demonstrate that the record was developed adequately at the time the order was issued. Attached to plaintiffs' complaint and amended complaint were various examples of peace bonds issued by the district court. Moreover, the factual allegations in the complaint for superintending control regarding each of the bonds essentially were admitted, although the district court denied that it had violated any laws or canons by issuing the bonds. The district court

never challenged the accuracy of the bonds attached to the complaint, nor did the district court submit that factual discrepancies existed. Rather, the district court simply disagreed with the legal conclusions drawn by plaintiffs in their complaint and suggested that the appropriate remedy was an appeal from the bonds.

Because the question whether the bonds were authorized by the statute is a question of law, we review de novo the record. *In re Lafayette Towers,* 200 Mich App 269, 273; 503 NW2d 740 (1993). Bonds to keep the peace are authorized by MCL 772.1 *et seq.*; MSA 28.1154 *et seq.* The statute governing the issuance of peace bonds, MCL 772.4; MSA 28.1157, states as follows:

> If a person is brought before the magistrate by a complaint made under section 2 of this chapter, the person may demand a trial before either the magistrate or a jury. The trial and the selection of a jury shall be conducted and selected in the same manner as a trial and selection of a jury in the same court for a minor offense. If the magistrate or jury finds the accused guilty, the magistrate may require the accused to enter into a recognizance, with sufficient sureties, to be approved by the magistrate, to keep the peace towards all the people of this state, and especially towards the person requiring the sureties.

Because most of the bonds that were attached to plaintiffs' complaint had expired by the time this appeal was heard and because the circuit court stayed all further district court bond proceedings, we need not address the bonds individually to point out the specific procedural deficiencies and irregularities. However, it is clear from the face of the bonds, as well as the factual circumstances surrounding the issuance of those bonds, that the

district court had established its own procedures of issuing peace bonds that were not consistent necessarily with the procedures outlined by the statutes.

In the future, the district court is directed to follow the procedures for issuance of peace bonds as established by the statutory framework. MCL 772.1 *et seq.*; MSA 28.1154 *et seq.* To the extent that the order of superintending control directs the district court to follow the statutes, it is affirmed. However, the order of superintending control inappropriately addressed two issues that neither were raised nor were supported by any evidence in the district court. In particular, the order directed that the district court refrain from issuing bonds without the involvement of the county prosecutor and that in cases of indigence, the district court must appoint counsel at public expense. The statutes governing the issuance of peace bonds do not necessarily require the involvement of the prosecutor's office, nor, on their face, do they require the appointment of counsel.[1] Simply put, those issues were not raised in the circuit court, and the order was too broad in addressing them. Thus, those provisions of the order are hereby reversed.

Because we conclude that no remand is necessary, the question regarding remand before a different judge need not be addressed. The order of superintending control is affirmed in part and reversed in part.

---

[1] That is not to say that, under different circumstances, the prosecutor's office would never be involved or counsel appointed. However, there was nothing in the record to permit the circuit court to make that determination.