*In re* AUSTIN ESTATE

GREER v COLBERT

Docket No. 176636. Submitted May 15, 1996, at Detroit. Decided July 30, 1996, at 9:15 A.M.

Lee A. Greer submitted a document to the Macomb County Probate Court, claiming that it was the last will and testament of the decedent, Lillian Austin. Theodore and Cynthia Colbert, who were named devisees in a will the decedent executed before the document submitted by Greer, filed objections to the petitioner's proposed will. Following a bench trial, the probate court, James F. Nowicki, J., issued an order denying admission of the petitioner's document to probate. Over the objections of the Colberts and the personal representative of the decedent's estate, the probate court entered an order awarding Greer attorney fees pursuant to MCL 700.148; MSA 27.5148. The Colberts appealed, alleging that the statute requires a proponent of an assumed will in a will contest to petition the probate court for authorization to retain counsel before the court may award the proponent attorney fees. The Colberts also alleged that the award of reasonable attorney fees under the statute is not mandatory.

The Court of Appeals *held*:

1. MCL 700.148; MSA 27.5148 does not prevent the award of attorney fees where the petitioner has not petitioned for authorization to retain counsel. The statute merely allows the proponent to petition for authorization in advance so that expenses can be charged against the estate as they are incurred. The petitioner's failure to seek authorization to retain counsel did not preclude the trial court from awarding him attorney fees.

2. The trial court did not err in considering the petitioner's reasonable attorney fees a mandatory charge against the decedent's estate. MCL 700.148; MSA 27.5148 requires courts to consider attorney fees incurred by the will proponent as a proper charge against the estate. MCL 700.157; MSA 27.5157 provides that the estate given by will to any devisee shall be held liable for the payment of all charges against the estate. The allowance or disallowance of such expenses by a will proponent is not contingent upon whether the proponent is ultimately successful.

Affirmed.

DECEDENT'S ESTATES — WILLS — WILL CONTESTS — ATTORNEY FEES.

> The personal representative of an estate or the proponent of a will may petition the probate court for authorization to retain counsel for the purpose of sustaining the will if it is contested; the proponent's failure to petition for such authorization does not preclude the probate court from awarding the proponent attorney fees; regardless of whether the proponent is ultimately successful, the proponent's reasonable attorney fees must be awarded and are a mandatory charge against the decedent's estate (MCL 700.148, 700.157; MSA 27.5148, 27.5157).

*Freeman McKenzie, P.C.* (by *Robert L. Goldenbogen*), for Lee A. Greer.

*William A. Wyss,* for Theodore and Cynthia Colbert.

Before: TAYLOR, P.J., and MURPHY and E. J. GRANT,* JJ.

TAYLOR, P.J. Respondents appeal as of right from a June 1, 1994, order granting attorney fees in the amount of $13,950.50 to petitioner. We affirm.

On March 10, 1993, petitioner submitted a document to the Macomb County Probate Court, claiming that it was decedent's last will and testament. The document, entitled "Power of Attorney," purported to grant petitioner a power of attorney to handle decedent's estate and provided that "if i [sic] exspire [sic] all estate and banks [sic] become yours." The document bore decedent's and two witnesses' signatures and was duly notarized. Respondents, who were named devisees in a will decedent had executed before the power of attorney document, filed objections to petitioner's proposed will. After holding a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

bench trial, the probate court issued an order denying
admission of petitioner's document to probate. Over
the objections of respondents and the personal repre-
sentative of the decedent's estate, the probate court
subsequently awarded petitioner attorney fees pursu-
ant to MCL 700.148; MSA 27.5148.

On appeal, respondents first argue that MCL
700.148; MSA 27.5148 requires a proponent of an
assumed will in a will contest to petition the probate
court for authorization to retain counsel before the
court may award the proponent attorney fees.
Because petitioner failed to fulfill this requirement,
respondents argue that the trial court erred in award-
ing him attorney fees. We disagree. Whether peti-
tioner must first request authorization to retain coun-
sel before a probate court may grant attorney fees
pursuant to MCL 700.148; MSA 27.5148 is a question
of law. *In re Sarras Estate*, 148 Mich App 171, 182;
384 NW2d 119 (1986). This Court reviews questions of
law de novo. *In re Rupert*, 205 Mich App 474, 479; 517
NW2d 794 (1994).

Under Michigan law, the personal representative
named in the will, an heir of the testator, or a devisee
under a will may petition the probate court for the
admission of a will to probate after the testator's
death. MCL 700.145; MSA 27.5145. Any interested per-
son may object to the admission of the will to pro-
bate. MCL 700.148; MSA 27.5148. In that event, the
will is considered contested, and MCL 700.148; MSA
27.5148 provides that

> [t]he person named in the will as personal representative or
> a proponent may petition the court for authorization to
> retain counsel for the purpose of sustaining the will; and
> the reasonable expense of counsel and of procuring evi-

dence to sustain the will shall be a proper charge against the estate.

In *In re Sarras Estate, supra,* this Court dealt with the issue whether the probate court erred in awarding attorney fees to the proponent of a contested will because the proponent failed to petition for authorization to retain counsel for the purpose of defending the will contest. *Id.* at 182. The Court held at 182:

> [MCL 700.148; MSA 27.5148] does not prohibit a proponent, who has not petitioned for authorization in advance, from ever recovering attorney fees. We read the [statute] as merely allowing the proponent to petition for authorization in advance so that expenses can be charged against the estate as they are incurred.

Although respondents urge us to hold differently, *In re Sarras Estate* clearly states that a petitioner can collect attorney fees without first petitioning for authorization to retain counsel. Accordingly, petitioner's failure to seek authorization to retain counsel did not preclude the trial court from awarding him attorney fees.

We also reject respondents' argument that the award of reasonable attorney fees under MCL 700.148; MSA 27.5148 is not mandatory. Whether the award of attorney fees under MCL 700.148; MSA 27.5148 is mandatory is a question of law. *In re Sarras Estate, supra* at 182. This Court reviews questions of law de novo. *In re Rupert, supra* at 479. In construing statutory language to effectuate legislative intent, we presume that the Legislature intended the meaning it plainly expressed in the body of the statute. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990). This Court may

not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

MCL 700.148; MSA 27.5148 provides that, where the validity of a proposed will is contested, "the reasonable expense of counsel and of procuring evidence to sustain the will shall be a proper charge against the estate." The word "shall" is normally read as designating a mandatory provision of law, *Jordan v Jarvis*, 200 Mich App 445, 451; 505 NW2d 279 (1993), and this is the plain meaning of the statute.[1] By the statute's plain meaning, courts must consider attorney fees incurred by the will proponent as a "proper charge against the estate."[2] In turn, Michigan law provides that the estate given by will to any devisee shall be held liable for the payment of all charges against the estate. MCL 700.157; MSA 27.5157. Furthermore, this Court has stated that "[t]he allowance or disallowance of such expenses by a will proponent is not contingent upon whether or not that proponent is ultimately successful." *In re Sarras Estate, supra* at 182. Accordingly, the trial court did not err in considering

---

[1] In *In re Sarras Estate, supra* at 182, the Court utilized an abuse of discretion standard in affirming an award of attorney fees pursuant to MCL 700.148; MSA 27.5148. To the extent that the Court's use of an abuse of discretion standard suggests a court has discretion to deny attorney fees, we disagree with the *Sarras* Court because the statute's use of the word "shall" is mandatory.

[2] The Legislature may wish to consider amending this statute to allow probate courts discretion to deny attorney fees when a proponent of a will offers a purported will fraudulently, vexatiously, or in bad faith.

petitioner's reasonable attorney fees a mandatory charge against decedent's estate.

Affirmed.