BEACH v CITY OF SALINE

Docket No. 66265. Decided March 9, 1982. On application by the
plaintiff for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, affirmed the judgment of the Court of
Appeals in part. Rehearing denied 413 Mich 1108.

Hubert Beach brought an action against the City of Saline and its
mayor, council, and clerk seeking to enjoin a purchase by the
city of certain real property and to compel a referendum on the
purchase. The Washtenaw Circuit Court, Henry T. Conlin, J.,
entered a judgment for the defendants. The Court of Appeals,
D. C. Riley, P.J., and N. J. Kaufman and MacKenzie, JJ., af-
firmed (Docket No. 48847). The plaintiff applies for leave to
appeal.

In an opinion per curiam signed by Chief Justice Coleman
and Justices Kavanagh, Levin, Fitzgerald, Ryan, and Moody,
the Supreme Court *held:*

The words "initiative" and "referendum" have a legislative
connotation. The right of referendum authorized by the home-
rule act extends only to legislative acts of local government.
There is nothing inherently legislative about a decision to
acquire real estate. That part of the judgment of the Court of
Appeals holding that the purchase by the city of real property
constitutes an administrative act not subject to a referendum is
affirmed.

Justice Williams concurred in the result.

101 Mich App 795; 300 NW2d 698 (1980) affirmed.

*Harris, Lax, Gregg & Guenzel* for plaintiff.

*Allan W. Grossman,* City Attorney, for defen-
dants.

Per Curiam. We examine the question of
whether the acquisition of 160 acres of real prop-
erty by the City of Saline is subject to referendum.
We conclude that it is not and we affirm the

judgments of the Court of Appeals and of the trial court.

## I

On October 11, 1976, the Saline City Council adopted a resolution authorizing the city attorney to file a request with the State Boundary Commission for annexation to the city of 160 acres of property. On November 23, 1977, the city obtained an option to purchase the property, and on January 23, 1978, the city council adopted a resolution exercising the option. On February 22, 1978, the plaintiff filed three petitions for referendum with the city clerk. One of the petitions which plaintiff sought to be submitted to the electorate concerned whether the city should purchase the property authorized by the city council resolution. When the city refused to submit the propositions to the electorate, plaintiff filed suit in Washtenaw Circuit Court seeking to enjoin the city from closing the purchase of the property and to compel the referendums. The circuit court entered a judgment in favor of the city and the Court of Appeals affirmed.

## II

In *West v Portage,* 392 Mich 458, 465-466; 221 NW2d 303 (1974), the lead[1] opinion by Justice LEVIN concludes that a right of referendum authorized by the home-rule act[2] extends only to legisla-

[1] "Since neither opinion obtained four signatures, neither is binding under the doctrine of stare decisis." *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973). The reference was to a case in which all seven Justices participated. See *Negri v Slotkin,* 397 Mich 105; 244 NW2d 98 (1976).

[2] See MCL 117.4i(6); MSA 5.2082(6).

tive acts:

> "We hold that the words 'initiative' and 'referendum' are themselves an implicit limitation on the matters that may properly be the subject of an initiative or referendum, and that the Legislature did not in 1909 intend to confer on the electors of home-rule cities the power to vote on questions not truly legislative in character."

The opinion was signed by three Justices, one Justice concurring in the result. In *Rollingwood Homeowners Corp, Inc v City of Flint,* 386 Mich 258, 268; 191 NW2d 325 (1971), the Court stated that "[t]here is nothing inherently legislative about a decision to acquire real estate". We are of the view that the opinion of Justice LEVIN in *West, supra,* correctly and adequately treats the governing legal principle and adopt the reasoning and conclusion of Justice LEVIN in part I of *West.*

Accordingly, in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we affirm that part of the Court of Appeals judgment holding that the action of the City of Saline in purchasing real property constitutes an administrative act not subject to a referendum. In all other respects the application for leave to appeal is denied because the Court is not persuaded that the question presented should be reviewed by this Court.

No costs, a public question being involved.

COLEMAN, C.J., and KAVANAGH, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

WILLIAMS, J., concurred in the result on the basis of *Rollingwood Homeowners Corp, Inc v City of Flint, supra.*