CITIZENS LOBBY OF PORT HURON, MICHIGAN, INC v PORT
HURON CITY CLERK

Docket No. 66556. Submitted October 7, 1983, at Detroit.—Decided
February 21, 1984.

The City of Port Huron owns 42.5 acres of land along the St.
Clair River. The city acquired the property, commonly known
as the "Peerless Grand Trunk Site", in the early 1970's. In
1978, the Citizens Lobby of Port Huron, Michigan, Inc., ob-
tained by initiatory petition an amendment of the city charter
restricting the development or disposition of city-owned water-
front property. The amendment provided that the city could
not develop, lease, sell or otherwise dispose of any waterfront
property or property contiguous to the waterfront unless such
action was approved by a majority of the electors voting in a
general or special election. The city thereafter employed a
professional land use planning company and began promoting a
plan for development of the property. The city's plan included
24 acres of residential condominiums with supporting commer-
cial facilities and an adjunct park utilizing about 18-1/2 acres
of the site. The Citizens Lobby developed an alternative plan
for the property with emphasis on public use of the property.
The city's plan was placed on the November, 1982, ballot for
voter approval. Citizens Lobby circulated petitions under the
initiative provisions of the Port Huron City Charter to have its
plan placed on the same ballot as an alternative proposed
ordinance. Although Citizens Lobby obtained a sufficient num-
ber of signatures on an authorized petition form, both the Port
Huron City Clerk and the Port Huron City Council refused to
certify the initiatory petition, thereby precluding Citizens Lob-
by's plan from being placed on the November, 1982, ballot.
Citizens Lobby and others filed suit against the Port Huron

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 39.
[2] 42 Am Jur 2d, Initiative and Referendum §§ 7, 9.
[2, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions, § 126 et seq.
[3] 42 Am Jur 2d, Initiative and Referendum § 1.
[4] 42 Am Jur 2d, Initiative and Referendum §§ 11, 12

City Clerk and City of Port Huron in St. Clair Circuit Court on July 30, 1982, seeking mandamus against both the city clerk and the city council compelling certification of plaintiffs' initiatory petition and ordering the city to either adopt the proposed ordinance specified in the petition or to submit the initiated ordinance to the voters. The court, Peter E. Deegan, J., dismissed plaintiffs' complaint for mandamus finding that the development of the property was an administrative function of the city council not properly referable to the electorate which, by implication of the city charter, could only vote on matters legislative in character. Plaintiffs appealed. *Held:*

1. Plaintiffs failed to make a case for the exercise of the trial court's discretion to grant the writ of mandamus because they failed to prove that the city council violated the provisions of its charter by refusing to place the initiatory petition on the ballot. City voters may vote by referendum or initiative on legislative matters but not on matters that are administrative in nature.

2. The implementation of a general policy, program or plan by ordinance is an administrative act which is not subject to voter initiative or referendum. The subject matter of plaintiffs' petition ordinance is administrative in nature and therefore not referable. The trial court did not abuse its discretion in dismissing plaintiffs' action for mandamus.

Affirmed.

1. MANDAMUS — DISCRETIONARY WRIT.

Mandamus is not issued as a matter of right but is a discretionary writ.

2. STATUTES — INITIATIVE — REFERENDUM — HOME RULE ACT.

The rights of initiative and referendum under the home rule act are limited to legislative measures (MCL 117.4i[6]; MSA 5.2082[6]).

3. STATUTES — INITIATIVE — REFERENDUM — VOTING.

The words "initiative" and "referendum" have a legislative connotation and are themselves an implicit limitation on the matters that may properly be the subject of an initiative or referendum.

4. STATUTES — INITIATIVE — REFERENDUM — ADMINISTRATIVE ACTS.

The implementation by a home-rule city of a general policy, program or plan by ordinance is an administrative act which is not subject to voter initiative or referendum.

*Thomas E. Woods,* for plaintiffs.

*Bush, Luce, Henderson, Bankson & Heyboer* (by D. Dean Luce), for defendants.

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

M. J. KELLY, P.J. This controversy involves the destiny of 42.5 acres of land located in Port Huron, Michigan, commonly known as the "Peerless Grand Trunk Site". The land is on the St. Clair River and is owned by the city. Originally, this case came to us as an election controversy. Plaintiffs' claim of appeal was accompanied by a motion for immediate consideration, requesting the issuance of an opinion prior to September 21, 1982, to accommodate a deadline for ballot printing. Plaintiffs sought to have placed on the November, 1982, election ballot an ordinance providing for a specific development plan for the Peerless Grand Trunk Site. We denied plaintiffs' application for immediate consideration and although the 1982 as well as 1983 elections have now passed, we decline to declare the case moot since plaintiffs claim the controversy remains a viable one.

The City of Port Huron acquired the Peerless Grand Trunk Site in the early 1970's. In 1978, plaintiff corporation, the Citizens Lobby of Port Huron, Michigan, Inc. (Citizens Lobby), obtained by initiatory petition an amendment of the city charter restricting the development or disposition of city-owned waterfront property. The 1978 amendment to § 78 of the city charter provides:

"The City shall not have the power to develop, lease, sell or otherwise dispose of any waterfront property, or property contiguous to the waterfront, unless such ac-

tion is approved by a majority of the electors voting therein in a general or special election."

After passage of the amendment, the city government began promoting a plan for development of the Peerless Grand Trunk Site and employed for this purpose American City Corporation, a professional land use planning company which had previous experience with municipal waterfront developments in Baltimore, Maryland, and Buffalo, New York. The Citizens Lobby contemporaneously developed an alternative plan for use of the waterfront property with emphasis on the public use of the property. The city's plan included 24 acres of residential condominiums with supporting commercial facilities and an adjunct park utilizing about 18-1/2 acres of the site.

The city's plan was placed on the November, 1982, ballot for voter approval as required under the 1978 charter amendment. Prior to the November, 1982, election, Citizens Lobby had circulated petitions under the initiative provisions of the Port Huron City Charter to have its plan placed on the same ballot as an alternative proposed ordinance. Although Citizens Lobby obtained a sufficient number of signatures on an authorized petition form, both the city clerk and the city council refused to certify the initiatory petition, thereby precluding Citizens Lobby's plan from being placed on the November, 1982, ballot.[1]

Plaintiffs commenced this lawsuit in circuit court on July 30, 1982, seeking mandamus against both the city clerk and the city council compelling

[1] The parties informed this Court that the city council development plan was soundly defeated in the November 2, 1982, general election. Plaintiffs state that the plan was rejected by approximately 63% of the vote. Defendants confirmed the rejection at oral argument, but pointed out that a park-type plan similar to the Citizens Lobby plan was likewise defeated at a subsequent election.

certification of plaintiffs' initiatory petition and ordering the city to either adopt the proposed ordinance specified in the petition or to submit the initiated ordinance to the voters.

The controversy was submitted to the circuit court on a stipulated statement of facts:

"1. Defendant City of Port Huron is the owner of approximately 42.5 acres of waterfront property contiguous to the St. Clair River, as described in a warranty deed recorded in Liber 1005, page 402, St. Clair County Records, and entirely situated within the City of Port Huron, St. Clair County, Michigan, commonly being known as the 'Peerless Grand Trunk Site'.

"2. Pursuant to Sections 27 a-e of the 1969 Charter of the City of Port Huron, 'Charter', plaintiff Citizens Lobby of Port Huron, Michigan, Inc., caused to have prepared a petition with the intention of using the initiative procedure to enact an ordinance prescribing a plan for development of the Peerless Grand Trunk Site.

"3. By letter dated July 13, 1982, City Attorney Anthony M. Bonadio approved plaintiffs' petition as to form only such approval as to form being required by Section 27b of the Charter.

"4. Plaintiff circulated its petition and obtained a number of valid signatures sufficient to authorize certification of its petition by the city clerk, as admitted by the city clerk, defendant Guy C. Provost, in his letter dated July 27, 1982.

"5. Defendant Provost declined to certify plaintiffs' petition to city council because, as set forth in his letter, the petition 'is in substance and character administrative and not appropriately referable to the electorate.'

"6. Plaintiffs brought suit on July 30, 1982, seeking mandamus against both the city clerk and city council to compel certification of plaintiffs' petition and either adoption of the ordinance specified in the petition or submission of the initiated ordinance to the voters at the November 2, 1982, general election.

"7. This Court [St. Clair County Circuit Court] issued

its order to show cause why mandamus should not issue on August 2, 1982, scheduling a hearing for August 16, 1982.

"8. The Port Huron City Council adopted a resolution on August 9, 1982, directing the city clerk to place on the November 2, 1982, election ballot a development plan for the Peerless Grand Trunk Site. The city plan differs from the plan proposed by plaintiffs' petition. Section 78 of the Port Huron City Charter requires prior voter approval of any disposition of waterfront property owned by the city."

At a hearing held on August 16, 1982, the St. Clair County Circuit Court dismissed plaintiffs' complaint for mandamus finding that the development of the Peerless Grand Trunk Site was an administrative function of the city council not properly referable to the electorate which, by implication of the city charter, could only vote on matters legislative in character.

I

Is the subject matter of the initiative ordinance proposal developed by the Citizens Lobby so clearly legislative in character that the failure of the circuit judge to grant mandamus constitutes an abuse of discretion? In *Schwartz v Secretary of State,* 393 Mich 42; 222 NW2d 517 (1974), the Supreme Court took jurisdiction of an original action for mandamus filed in the Court of Appeals. Justice WILLIAMS, writing for the majority, concluded:

"Mandamus is not issued as matter of right but is a discretionary writ. * * * The plaintiff has not made a case for the exercise of our discretion to grant the writ of mandamus by proving that the Legislature has exceeded its constitutional authority." 393 Mich 50 (citations and footnote omitted).

We similarly find that plaintiffs have failed to make a case below for the exercise of the trial court's discretion to grant the writ of mandamus because they have failed to prove that the city council violated the provisions of its charter by refusing to place the initiated ordinance on the ballot.

More specifically, we are not convinced that the trial court abused its discretion in deciding that (1) planning for the development of the Peerless Grand Trunk Site was an administrative function of the city; (2) the subject matter of plaintiffs' initiative petition was administrative in nature; and (3) administrative matters are not referable to the electorate by the process of initiative or referendum.[2] In our opinion, city voters may vote by referendum or initiative on legislative matters but not on matters that are administrative in nature.

The lead opinion of Justice LEVIN in *West v City of Portage,* 392 Mich 458; 221 NW2d 303 (1974), illuminates the administrative/legislative dichotomy in the context of an amendment to a city zoning ordinance. Although ours is not a zoning case, we believe that the issue presented here is sufficiently analogous to the issue presented in *West* to justify our reliance on that opinion. Justice LEVIN stated that the genesis of initiatory or referable petitions is in the home rule act, MCL 117.1 *et seq.;* MSA 5.2071 *et seq.* Section 4i of that act provides:

"Each city may in its charter provide * * * (6) [f]or

---

[2] In this opinion, we consider only the actions of the city council. Appellants have urged us to decide the question of whether the city clerk had authority to refuse to certify an initiative ordinance petition which was proper in form. We believe that he did not. It appears that the trial court similarly opined he did not. However, inasmuch as the main issue centers on the administrative/legislative dichotomy which is outcome determinative, we will not address the issue of the city clerk's authority.

the initiative and referendum on all matters within the scope of its powers and for the recall of all of its officials." MCL 117.4i; MSA 5.2082.

Construing this provision in light of the historical meaning of the terms "initiative" and "referendum", Justice LEVIN held that the right of initiative and referendum "on all matters" as provided in § 4i refers to all matters legislative in nature. 392 Mich 462-465. Justice LEVIN's opinion under Part I in *West* was subsequently adopted by a majority of the Supreme Court in *Beach v City of Saline,* 412 Mich 729, 730-731; 316 NW2d 724 (1982), *reh den* 413 Mich 1108 (1982):

"In *West v Portage,* 392 Mich 458, 465-466; 221 NW2d 303 (1974), the lead opinion by Justice LEVIN concludes that a right of referendum authorized by the home-rule act extends only to legislative acts:
" 'We hold that the words "initiative" and "referendum" are themselves an implicit limitation on the matters that may properly be the subject of an initiative or referendum, and that the Legislature did not in 1909 intend to confer on the electors of home-rule cities the power to vote on questions not truly legislative in character.'
"The opinion was signed by three Justices, one Justice concurring in the result. In *Rollingwood Homeowners Corp, Inc v City of Flint,* 386 Mich 258, 268; 191 NW2d 325 (1971), the Court stated that '[t]here is nothing inherently legislative about a decision to acquire real estate'. We are of the view that the opinion of Justice LEVIN in *West, supra,* correctly and adequately treats the governing legal principle and adopt the reasoning and conclusion of Justice LEVIN in Part I of *West."* (Footnotes omitted.)

We find that § 27b of the Port Huron City Char-

ter of 1969[3] which provides for initiatory or referendary petitions is a provision authorized under § 4i of the home rule act. Consequently, matters appropriate for initiative or referendum in Port Huron are limited to matters legislative in nature. The only remaining question is whether the subject matter of plaintiffs' petition is administrative or legislative in character.

## II

The Port Huron City Council determined upon the advice of corporate council that the subject matter of the petition was administrative and therefore not properly referable to the electorate. Importantly, this is not a case where the city council refused to submit an initiatory petition which covered a clearly legislative matter. Plaintiffs argue that the subject matter of their petition concerns a policy issue of property use and is therefore legislative, rather than administrative.

[3] "An initiatory or a referendary petition shall be signed by registered qualified electors of the city in number equal to twenty-five per cent (25%) of the electors of the city voting for the city councilman receiving the highest number of votes at the last regular city election held prior to the filing of the petition. Before being circulated for signatures, all such petitions shall be approved as to form by the City Attorney. No such petition need to be on one paper, but may be the aggregate of two (2) or more petition papers. Each signer of a petition shall sign his name in ink or indelible pencil, and shall place thereon, after his name, the date and his place of residence by street and number, or by other customary designation. To each petition paper there shall be attached a sworn affidavit by the circulator thereof, stating the number of signers thereto and that each signature thereon is the genuine signature of the person whose name it purports to be, and that it was made in the presence of the affiant. Any such petition shall be filed with the City Clerk who shall within ten (10) days, determine the sufficiency thereof and so certify. If found to contain an insufficient number of names of qualified electors of the city, or to be improper as to form or compliance with the provisions of this section, ten (10) days shall be allowed for the filing of supplemental petition papers. When found sufficient and proper, the City Clerk shall present the petition to the City Council at its next regular meeting."

We disagree. The city acquired the Peerless Grand Trunk Site when the Peerless Cement Company closed its doors in the early 1970's. It is clear to us that this acquisition was an administrative act authorized by the city charter. While removing the cement company buildings and preparing the site for further development, the city conducted public hearings on proposed uses for the land. In September of 1978, the city council adopted a resolution amending its city-wide land use plan (Master Plan), allowing for any development of the Peerless Grand Trunk Site to include park and multiple residential and commercial uses. It was at that time that plaintiff Citizens Lobby, in an attempt to promote a total park use for the site, succeeded in amending § 78 of the charter as described earlier in this opinion.

By the amendment to § 78 of the charter any development of the Peerless Grand Trunk Site by the city must first be approved by the voters. We find that the process of submitting a proposed plan to the voters is no more a legislative act than is the city's original acquisition of the property. To permit the electorate to initiate piecemeal measures affecting land development is as inconceivable to us as allowing the electorate to initiate ordinances affecting the fiscal affairs of the city without regard to the budget or to the overall fiscal program. We believe that the implementation by ordinance of a general policy, program or plan is an administrative act which is not subject to voter initiative or referendum. See Part II of Justice LEVIN's opinion in *West, supra,* and 1 Antieau, Municipal Corporation Law, § 4.34, pp 4-59ff.

We hold that the proposed ordinance constitutes an attempt to implement existing charter policy

on land development and that the subject matter of plaintiffs' petition ordinance is administrative in nature and therefore not referable. To the extent that plaintiffs rely on cases decided prior to the Supreme Court opinion in *Beach v City of Saline, supra,* we find such authority to have been superseded thereby. The trial court in this case did not abuse its discretion in dismissing plaintiffs' action for mandamus.

Affirmed.