*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SAVE THE VETERANS MEMORIAL,
AMERICAN LEGION FRANK WENDLAND
POST 253, ACORN POST NO. 1669, ROYAL
OAK, MICHIGAN, OF VETERANS OF FOREIGN
WARS, WILLIAM BERARDO, WALLIS MAY
ANDERSON, and WILLIAM E. HARRISON,

UNPUBLISHED
July 30, 2021

Plaintiffs-Appellees,

v

No. 357835
Oakland Circuit Court
LC No. 2021-188167-AW

CITY OF ROYAL OAK, MICHAEL FOURNIER,
SHARLAN DOUGLAS, KYLE DUBUC, MONICA
HUNT, BRANDON KOLO, MELANIE MACEY,
PATRICIA PARUCH, MELANIE HALAS, and
PAUL BRAKE,

Defendants-Appellants.

Before: JANSEN, P.J., and GLEICHER and TUKEL, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's opinion and order granting plaintiffs mandamus relief and ordering defendants to take all actions necessary to place plaintiffs' proposed ordinance on the ballot for the November 2021 election. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendants are the City of Royal Oak, its city clerk, city manager, mayor, and the members of the city commission. Plaintiffs are organizations and individuals who sued for mandamus to require defendants to place their proposed ordinance regarding the Royal Oak Veterans War Memorial on the ballot before the city's voters at the next general election. The Veterans War Memorial was originally dedicated in 1946 in remembrance of those who died fighting in the Second World War. Additional monuments were subsequently added to the Memorial in remembrance of those who died in the First World War, the Korean War, and the Vietnam War.

-1-

In 2005, the Royal Oak Memorial Society and supporters raised money to move the Memorial and rededicate it at a new location, between the Royal Oak City Hall and the Royal Oak Public Library, designated the Barbara A. Hallman Memorial Plaza. The Memorial was moved to that location in 2006. In 2007, Royal Oak voters approved Ordinance No. 2007-07, the Veterans War Memorial Ordinance, which "designate[d] a portion of the Barbara A. Hallman Memorial Plaza for continued use as a memorial honoring members of the American and Canadian Armed Forces who have lost their lives in service to their country."

In 2020, the City Commission approved plans to redevelop and rebuild Royal Oak City Hall and the surrounding area. Those plans included removing the Memorial from its current location and replacing it within an expanded park area. At one point the City apparently moved the Memorial. That prompted veterans' organizations and individuals to form plaintiff Save the Veterans Memorial and to circulate their petition proposing an ordinance designated the Veterans War Memorial Preservation and Protection Ordinance. The stated purpose of the proposed ordinance is:

> [T]o designate a portion of the Barbara A. Hallman Memorial Plaza, and the monuments and improvements upon it, for continued use at its precise location as of December 31, 2020, as a memorial honoring members of the American and Canadian armed forces who have lost their lives in service to their country, to prohibit other uses upon such land, and to repeal and replace the Royal Oak Veterans War Memorial Ordinance . . . .

Section 5(A) of the proposed ordinance bars the removal or relocation of the Memorial from its precise location as of December 31, 2020, "without an affirmative vote of the majority of qualified electors of the City of Royal Oak . . . at a regularly scheduled general municipal election." Section 5(B) of the proposed ordinance requires that if the Memorial is moved from that site "the City of Royal Oak shall restore such monuments and improvements to such precise location, in comparable or better condition, no later than one year from the full and complete effective date of this ordinance." Section 5(B) also states that the City "shall reimburse or compensate all businesses, groups, citizens, and other persons, or their successors or assigns, who contributed financial or in-kind as of January 1, 2005 and December 31, 2007 to the moving or expansion of the Memorial to such precise site."

The initiative petitions circulated by plaintiffs were entitled "INITIATION OF PROPOSED ORDINANCE PRESERVING AND PROTECTING THE ROYAL OAK VETERANS WAR MEMORIAL." At the top the petition contained the following summary describing the proposed ordinance:

> An initiative to adopt an ordinance designating a portion of the Barbara A. Hallman Memorial Plaza for continued use as a memorial honoring members of the armed forces who lost their lives in service to their country; to preserve the improvements thereon; to prohibit other uses; to provide that if such improvements are moved prior to the enactment of this ordinance that the City of Royal Oak restore such improvements to their prior location.

The description also informed potential signers "FULL TEXT OF PROPOSED ORDINANCE ON THE BACK OF THIS PETITION." At the bottom right corner the petition contained the notice that it was "Paid for with regulated funds by Save the Veterans Memorial . . . ." and that the "[p]etition drive [was] organized by American Legion Frank Wendland Post 253 . . . and VFW Acorn Post 1669 . . . ."

Chapter 6 of the Royal Oak City Charter, entitled "Initiative and Referendum," states in relevant part:

> **Section 1.** Any proposed ordinance may be submitted by petition, signed by qualified electors of the City, equal in number to the percentage hereinafter required. The procedure in respect to such petition shall be the same as provided in Sections 2, 3, 4, and 5 of Chapter Five except that petitions may be circulated for signature instead of being signed at the office of the City Clerk, with such modifications as the nature of the case requires, except that no blank form shall be furnished or preliminary affidavit made.
>
> **Section 2.** If the petition accompanying the proposed ordinance be signed by qualified electors equal in number to at least 15% of the electors voting at the last preceding general municipal election, and contains a request that said proposed ordinance be submitted to a vote of the people, the Clerk shall thereupon ascertain and certify its number of qualified signers, whereupon if such certificate shows the required number of qualified signers, the Commission shall within 20 days thereafter either,
>
> > a.    Pass said ordinance without alteration (subject to the referendum provided by the Charter), or
> >
> > b.    Call a special election, to be held within 30 days, unless a general or special municipal election is to be held within 90 days thereafter, and at such general or special municipal election said proposed ordinance shall be submitted without alternation to the vote of the qualified electors of said City.
>
> **Section 3.** If the petition be signed by qualified electors equal in number to at least 5% but less than 15% of all the electors voting at the last preceding general municipal election, as shown in the manner hereinafter provided, and said proposed ordinance be not passed without alteration by the Commission within 20 days, as provided in the preceding section, then such proposed ordinance, without alteration, shall be submitted by the Commission to electoral vote at the next general municipal election that shall occur at any time after 30 days from the date of the Clerk's certificate of sufficiency attached to the petition accompanying such ordinance.

Plaintiffs circulated the petitions, gathered signatures, and presented them to the city clerk. On April 21, 2021, the city clerk informed plaintiffs' representatives that her office had verified 872 signatures on the petitions submitted, which was more than 5% but less than 15% of the electors voting at the last preceding general municipal election. On the morning of May 4, 2021,

the clerk informed plaintiffs' representatives that "[y]our petitions have been certified by my office for the November 2nd municipal election ballot." However, by mid-afternoon on May 4, 2021, the clerk informed plaintiffs that her earlier message was sent prematurely, that the petitions were "still under review," and that she was waiting for a legal opinion from the acting city attorney before she would give an official response. In the early evening of May 4, 2021, the clerk informed plaintiffs "upon advice of the interim City Attorney for the City of Royal Oak, I must reject the petition. The petition is legally insufficient and fails to satisfy the requirements for an initiatory petition, as explained in the attached legal opinion." The interim city attorney's opinion letter stated that plaintiff's petition must be rejected for "a number of reasons under the Home Rule City Act, MCL 117.1 *et seq*.; and Michigan Election Law, MCL 168.1 *et seq*.," and listed the following reasons:

(1)      "The petition proposes an ordinance that is administrative in nature and [so] is not an appropriate subject of an initiative petition[.]"

(2)      "The summary description of the proposed ordinance is misleading and deceptive because the description on the face of the petition is inconsistent with the content of the proposed ordinance on the back of the petition."

(3)      "The summary language of the petition fails to notify voters that the proposed ordinance would repeal and replace an existing ordinance."

(4)      "The form of the petition fails to strictly comply with MCL 168.482(1), (6), (7) and (8), MCL 168.544c(1) and (2), including but not limited to by including additional descriptive language in the heading of the petition."

(5)      "The form of the petition also fails to strictly comply with MCL 117.25(1) because the face of the petition includes information regarding an organization that is not the primary sponsor of the initiative petition."

(6)      "The circulators' certifications attest that to the best of the circulator's knowledge, each person signing the petition was at the time of signing a registered elector of the city of Royal Oak. On several pages of signatures, many of the signers' addresses were obviously outside the city of Royal Oak, making the circulators' certifications false in violation of MCL 168.544c." [and]

(7)      "The circulators' certifications attest that they were not aware of persons signing the petition more than once. However, in some instances, duplicate signatures appeared on petition sheets certified by the same circulator, making the certification(s) false on their face in violation of MCL 168.544c."

The opinion letter did not provide any further explanation, and also opined that the proposed ordinance would "unconstitutionally impair the city's obligations under existing contracts" and would amount to an unconstitutional ex post facto law.

Plaintiffs sued defendants for mandamus, seeking to compel defendants to place their citizen-sponsored initiative on the ballot for the November 2, 2021 election. The day before the trial court hearing, defendants moved for partial summary disposition, apparently seeking

dismissal of the city commission members, mayor, and city manager as defendants. While noting that defendants' motion for summary disposition was not properly before the court, the trial court nonetheless allowed defendants to argue that motion at the hearing.

Following the hearing the trial court issued an opinion and order which granted plaintiffs' complaint for mandamus and denied defendants' motion for partial summary disposition. Citing *O'Connell v Dir of Elections*, 317 Mich App 82; 894 NW2d 113 (2016), the court concluded that plaintiffs were entitled to mandamus relief, explaining as follows:

> A writ of mandamus is an extraordinary remedy and [the court] finds that (1) plaintiffs demonstrated that they have a clear right to the performance of the duty sought to be compelled because it submitted a petition with the requisite valid signatures as confirmed by the City Clerk on May 4, 2021; (2) Clerk Halas has a clear duty to perform pursuant to the City Charter Chapter 6 at Sections 2 and 3; (3) the act is ministerial in nature because the directive in the City Charter, Chapter 6 at Sections 2 and 3, does not provide for the City Clerk to exercise any discretion if the petition contains the requisite valid signatures; and (4) plaintiffs have no other adequate legal or equitable remedy for them to have their petition placed on the November 2021 election ballot.

The trial court rejected defendants' arguments that the provisions of MCL 168.482, 168.482a, and 168.482b applied to plaintiffs' petition under City Charter Chapter 4, explaining:

> [T]he plain language of the charter shows that Chapter 6—not Chapter 4—controls. Chapter 4 expressly provides that Michigan Election Law applies but acknowledges that it applies only as to electors and elections. Chapter 6 governs the process to place a referendum on the ballot. Plaintiffs note that defendants (through their post-petition actions) placed a charter amendment proposal on the November 2021 election ballot that makes it clear that state election laws apply to all elections in the city. This action raises the question as to whether defendants recognize an ambiguity in the language of the Royal Oak City Charter and seek to eliminate such an ambiguity to eliminate citizen-lead initiatives as an option.

The trial court rejected defendants' arguments that the proposed ordinance was administrative in nature rather than legislative. The court found the proposed ordinance legislative because it sought to revise the prior 2007 ordinance adopted by the voters. That prior ordinance did not specify the Memorial's exact location, and plaintiffs proposed ordinance sought to specify the location selected in 2007 as the permanent location. The court found *Citizens Lobby of Port Huron, Mich, Inc v Port Huron City Clerk,* 132 Mich App 412; 347 NW2d 473 (1984), distinguishable because that case "involved the development of vacant property and there was no prior ordinance whereas this case involves the movement of an existing memorial structure with a prior ordinance to establish its existence." The court rejected defendants' arguments based on constitutional prohibitions against ex post facto laws, the impairment of contracts, and the city charter. Citing *Stand Up for Democracy v Secretary of State,* 492 Mich 588; 872 NW2d 159 (2012), and *Unlock Michigan v Bd of State Canvassers,* ___ Mich ___ ; ___ NW2d ___ (Docket No. 162949), the court found that the city clerk's role was purely ministerial and required her only to validate the signatures rather than examine the substance of the petition. The trial court rejected

defendants' arguments that plaintiffs' action should be barred by laches and that the controversy was now moot.

Finally, the trial court denied defendants' motion for partial summary disposition to dismiss the individual defendants. The court found that under the city charter the city clerk and city commission were required to take action with regard to the petition, so the commission members were properly named as defendants. The court explained that under the city charter, once the clerk determined that the petition was signed by a sufficient number of electors:

> Then, the Commission must either pass the ordinance without alteration or submit it without alteration to the vote of the qualified electors of said City. Because time is of the essence, this court recognizes that the members of the Commission become necessary parties so that this court can order them to address the next step. Plaintiffs filed a lawsuit against the individuals on the City Commission in their capacity as a member of the City Commission and the City of Royal Oak. This court does not find that the inclusion of the individual commissioners in their capacity as City Commissioners is an error that would require dismissal of this lawsuit against them. [Citation omitted].

The trial court granted plaintiffs' request for mandamus, ordered defendant Halas "to take all actions necessary to place plaintiffs' proposed ordinance on the November 2021 ballot by July 23, 2021," and ordered the city commission to "take all actions necessary to place plaintiffs' proposed ordinance on the November 2021 ballot by August 6, 2021." The court retained jurisdiction to enforce the order and denied summary disposition as to the individual defendants.

## II. ANALYSIS

Defendants appeal as of right on an expedited basis. Defendants argue that the trial court erred by granting plaintiffs mandamus relief where their petition failed to conform to the strict requirements of Michigan election law as required by city charter and state statute. Defendants raise six arguments attacking the validity of the petition, asserting that: (1) the petition violated MCL 168.482(3) because the summary on the face of the petition did not notify potential signers of the reimbursement provision contained in §5(B) of the proposed ordinance; (2) the petition summary violated MCL 168.482(3) because it did not advise signers that the proposed ordinance would repeal and replace the 2007 Veterans War Memorial Ordinance; (3) the petition is invalid because the heading contains additional words not allowed by MCL 168.482(2); (4) the petition is invalid because it states that it was organized by the American Legion and VFW posts in violation of MCL 117.25(1); (5) all signatures on the petition sheets must be rejected because the circulators allowed them to be signed by some persons with addresses outside of Royal Oak and allowed some persons to sign twice; and (6) the trial court incorrectly concluded that the object of the petition was legislative rather than administrative. Finally, defendants argue that the trial court erred by not dismissing the individual defendants from the action.

### A. DEFENDANTS' ARGUMENTS REGARDING MANDAMUS

Mandamus is an extraordinary remedy used to compel government officials to perform duties required by law. *Stand Up for Democracy*, 492 Mich at 618. A plaintiff seeking mandamus

relief has the burden of showing the following elements: (1) the performance of the duty sought to be compelled; (2) the defendant has a clear legal duty to perform the act requested; (3) the act is ministerial; and (4) no other legal or equitable remedy is available. *Barrow v Detroit Election Comm*, 305 Mich App 649, 661-662; 854 NW2d 489 (2014). A court's decision whether to grant mandamus relief is reviewed for an abuse of discretion. *Berry v Garrett,* 316 Mich App 37, 41; 890 NW2d 882 (2016). Whether a plaintiff has a clear legal right to performance of a duty and whether the defendant has a clear legal duty to perform that duty present questions of law reviewed de novo. *Id*. Questions of statutory interpretation also present issues of law which are reviewed de novo. *Id*. We find no errors of legal interpretation or abuse of discretion and so affirm the trial court's grant of mandamus relief.

The power of a home rule city to provide for adoption of ordinances through initiative petitions derives from statute. *Settles v Detroit City Clerk*, 169 Mich App 797, 802; 427 NW2d 188 (1988). Section 4i(g) of the Home Rule Cities Act (HRCA) expressly gives cities the power to provide in their charter for "initiative and referendum on all matters within the scope of the powers of that city . . . ." MCL 117.4i(g). The relevant part of HRCA §25, MCL 117.25, states:

> (1) An initiatory petition authorized by this act shall be addressed to and filed with the city clerk. The petition shall state what body, organization, or person is primarily interested in and responsible for the circulation of the petition and the securing of the amendment. Each sheet of the petition shall be verified by the affidavit of the person who obtained the signatures to the petition. The petition shall be signed by at least 5% of the qualified and registered electors of the municipality. . . .

In contrast, the relevant parts of §§ 1 and 3 of Chapter 6 of the Royal Oak City Charter provide that "[a]ny proposed ordinance may be submitted by petition" based upon signatures "by qualified electors equal in number to at least 5% but less than 15% of all the electors voting at the last preceding general municipal election."

If a city charter provision conflicts with a state statute, the statute controls in matters that are not of purely local character. *Brimmer v Village of Elk Rapids*, 365 Mich 6, 12-13; 112 NW2d 222 (1961); *Detroit City Council v Mayor of Detroit*, 283 Mich App 442, 454; 770 NW2d 117 (2009). If the matter at issue is purely of local character, the charter provisions control and any inconsistent provisions in the HRCA are irrelevant. *See Settles*, 169 Mich App at 805.

Plaintiffs' proposed ordinance concerns the precise location of the Royal Oak Veterans War Memorial within the City of Royal Oak, a matter of purely local concern. Accordingly, the provisions of Chapter 6 of the City Charter control for the purposes of determining the adequacy of plaintiffs' initiative petition.

We reject defendants' argument that Chapter 6 of the Royal Oak Charter adopts the requirements of sections 2, 3, 4, and 5 of Chapter 4 of the charter with regard to initiative petitions. The relevant language of Chapter 6, §1 states that "[t]he procedure in respect to such petition shall be the same as provided in Sections 2, 3, 4, and 5 of Chapter Five . . . ." Defendants' argument that the reference to Chapter Five is a mere scriveners error and that "Chapter Five" should be read to mean "Chapter Four" is speculative and not supported by a reasonable reading of the Charter.

The provisions of Chapter 5, §§2, 3, 4, and 5 govern the enactment and passage of ordinances and provide such specifications as voting requirements for passage, when the ordinance takes effect, the mayor's and city clerk's duty to sign the ordinance upon final passage, and the publication and codification of ordinances after passage. Those provisions appear to apply to ordinances initiated by petition under Chapter 6. Furthermore, the repeal and deletion of the prior Chapter 5 regarding municipal courts would not have "bumped" Chapter 4 to the fifth position and resulted in this error. Since the ordinance as written makes sense, reading the Charter as containing a "scrivener's error" and adopting defendants' interpretation that "Five" actually means "Four" is unreasonable as a matter of law, and we reject such an interpretation.

With regard to defendants' specific claims of error, we reject defendants' first three arguments that plaintiffs' initiative petition violated MCL 168.482(3) and MCL 168.482(2) based on the contents of the summary on the face of the petition and the fact that the heading of the petition included additional words not authorized by the statute. Even if this Court accepts defendants' argument that the petition is governed by the provisions of the HRCA and the Michigan Election Law, MCL 168.1 *et seq*., the relevant statutory provisions provide that §482(2) and (3) do not apply to plaintiffs' local initiative petition.

The relevant part of MCL 117.25a states "[e]xcept as otherwise provided in this section, a petition under section 3, 5, 5c, 6, 7, 8, 8a, 9(5), 11, 14a, 15, 16, 17, 18, 21, 22, or **25**, including the circulation and signing of the petition, is subject to section 488 of the Michigan election law, 1954 PA 116, MCL 168.488." (Footnote omitted; emphasis added.) Accordingly, plaintiffs' initiatory petition falls under and is governed by section 25, MCL 117.25, and thus is subject to the requirements of MCL 168.488. MCL 168.488(2) states:

> (2) Section 482(1), (4), (5), and (6) apply to a petition to place a question on the ballot before the electorate of a political subdivision under a statute that refers to this section, and to the circulation and signing of the petition.

Since §488(2) expressly states that subsections (1), (4), (5), and (6) of §482 apply to initiative petitions to enact local ordinances, and omits any reference to subsections (2) and (3), we conclude that subsections (2) and (3) do not apply to plaintiffs' initiative petition. See *Mich Ambulatory Surgical Ctr v Farm Bureau Gen Ins Co of Mich*, ___ Mich App ___, ___; ___NW2d ___ (2021) (Docket No. 349706); slip op at 5. As MCL 168.482(2) and (3) do not apply to plaintiffs' initiative petition, any failure to conform to the requirements of subsections (2) or (3) did not affect the validity of plaintiffs' petition.

Defendants' fourth claim of error argues that plaintiffs' petition was invalid because the notice at the bottom states that the petition drive was organized by the American Legion and VFW Posts immediately after it states that it was "paid for with regulated funds by Save the Veterans Memorial." We disagree.

Defendants assert that the reference to the American Legion and VFW Posts violates MCL 117.25(1), which requires that "[t]he petition shall state what body, organization, or person is primarily interested in and responsible for the circulation of the petition and the securing of the amendment." As noted above, because the subject of the local ordinance is purely a local concern, the provisions of Chapter 6 of the City Charter control over the provisions of the HRCA.

Moreover, even if MCL 117.25(1) did apply, defendants have presented no authority supporting their assertion that §25(1) prohibits a petition from listing other organizing groups in addition to the organization "primarily interested in and responsible for the circulation."

We reject defendants' fifth argument that the presence of signatures from persons with addresses outside the City of Royal Oak or duplicate signatures on a petition sheet requires the rejection of all other signatures on that petition sheet. As explained above, plaintiffs' initiatory petition was brought to adopt an ordinance under Chapter 6 of the Royal Oak City Charter, not pursuant to the Michigan Election Law. Additionally, to the extent the Michigan Election Law applies to plaintiffs' petition under MCL 117.25a and MCL 117.25, it is then subject to the requirements of MCL 168.488, which limits application to subsections (1), (4), (5), and (6) of MCL 168.482. While MCL 168.482(5) mandates a warning against duplicate signatures or signing by unqualified persons, it does not mandate that the petition sheets contain no "invalid" signatures of any kind. While the "invalid" signatures on a petition sheet will certainly not be counted, "[t]he statutory sanctions for any such irregularities do not include disqualifying elector signatures." *Protecting Mich Taxpayers v Bd of State Canvassers*, 324 Mich App 240, 242; 919 NW2d 677 (2018). While the petition sheets may have contained some signatures from people with addresses outside the City and some duplicate signatures, the city clerk verified 872 signatures on the petition sheets submitted, which meet the 5% requirement of Chapter 6 §3 of the city charter.

We also reject defendants' argument that the trial court erred by finding plaintiffs' proposed ordinance legislative rather than administrative in nature. A right to referendum or initiative ordinarily applies only to legislative matters rather than to matters which are purely administrative in nature. *Beach v Saline*, 412 Mich 729, 730-731; 316 NW2d 724 (1982); *Citizens Lobby*, 132 Mich App at 417. The acquisition of a parcel of land and the development of a specific piece of land have been found to be administrative rather than legislative matters. *Beach*, 412 Mich at 731; *Citizens Lobby*, 132 Mich App at 421. However, amendments to zoning ordinances, which govern the permissible uses of land within a city, are legislative acts and so may be subject to referendum. *Albright v City of Portage*, 188 Mich App 342, 349; 470 NW2d 657 (1991); *Chynoweth v City of Hancock*, 107 Mich App 360, 361-362; 309 NW2d 606 (1981).

Plaintiffs' proposed ordinance governs or regulates the specific use of part of the Barbara A. Hallman Memorial Plaza as the site for the Memorial, requires the maintenance of the Memorial at that specific location, and bars removal of the Memorial from its original location. Those provisions affect the use of a specific piece of land and so could be considered analogous to the amendment of zoning ordinances deemed legislative in *Albright* and *Chynoweth*. The proposed ordinance effectively repeals and replaces the 2007 Veterans War Memorial Ordinance, which also designated the location of the Memorial and was passed by voter referendum in 2007. Finally, Royal Oak Charter Chapter 6, §10 states that "[a]ny ordinance adopted under this Chapter, by electoral vote, cannot be repealed or amended, except by electoral vote." Since the 2007 Veteran's War Memorial Ordinance was passed by referendum, it can only be repealed or amended by referendum. Accordingly, deeming repeal or change to that ordinance an administrative task would effectively prevent it from ever being amended, a ridiculous result and obviously contrary to the intent of the city charter.

## B. MOOTNESS

As a general rule this Court will not engage in purposeless proceedings to address moot issues. *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). An issue becomes moot where interim relief or subsequent events have made it impossible for the appellate court to provide a remedy. *Id*.; *Garrett v Washington*, 314 Mich App 436, 450; 886 NW2d 762 (2016). Because plaintiffs have received mandamus relief in a final order and all that remains is for defendants to follow the trial court's order and take the actions necessary to place the proposition on the ballot for the November 2, 2021 election, whether the mayor, city commissioners, and city manager should have been named as defendants now presents a moot and irrelevant issue which we will not address.

The trial court's July 9, 2021 opinion and order granting mandamus is affirmed. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Kathleen Jansen
/s/ Elizabeth L. Gleicher
/s/ Jonathan Tukel